# EXHIBIT 14



Natalie Rubalcava-Garcia, Board Chair
32nd District Agricultural Association
OC Fair and Event Center
88 Fair Drive
Costa Mesa, CA 92626

Dear Chair Rubalcava-Garcia,

I write to you today in regards to Senate Bill 264, which I have authored and which has been sent to Governor Gavin Newsom's desk for his signature. As you know, SB 264 would prohibit the sale of firearms, firearm precursor parts, or ammunition at the OC Fair and Event Center. I understand that you are meeting today to discuss two agenda items related to SB 264. Under Item 6A, the Board will "discuss the status of SB264 and whether or not to send a letter to the Governor respectfully requesting he veto SB264 because it exclusively targets the 32nd DAA." Under Item 6B, the Board will consider a request from the Crossroads of the West Gun Shows to "pre-approv[e]" gun shows for the 2022 year, prior to SB 264's effective date of January 1, 2022. As I explain below, I believe both of these items are inappropriate for the Board to pursue and that if approved, they would represent bad faith action on the part of the Board and its members.

Item 6A: "Discuss and Vote on Communication to the Governor's Office Regarding Amendment to SB 264 Banning Gun Shows Solely at OC Fair & Event Center"

     I admit I am surprised that the Board is considering taking a position on SB 264 and lobbying the Governor's office. During the formative stages of SB 264, when my office and I were researching and developing this bill, I was repeatedly advised by staff and Board members from the 32nd DAA that the Board was not a political entity and therefore could not respond to the preferences of the local community, no matter how strong those sentiments might be. I was told that the Board's role was simply that of a fiscal steward and that as long as gun shows were legal, no matter how much they might lead to harm in our community and no matter how strong the local opposition, the Board had a fiduciary duty to enter into contracts with the operators of these gun shows. For the Board to take what is in effect a political position on this issue is not only contrary to these assertions, but would also seem clearly ultra vires of its stated mission and

duties, as expressed in the California Code and in the California Department of Food and Agriculture's Board of Directors Handbook.

As you know, CDFA has its own Legislative Coordinator responsible for developing technical analysis and recommended positions on legislative activity affecting the 54 DAAs across the state of California. My understanding is that an individual DAA developing its own political position on a bill and lobbying the Governor to this effect is highly unusual and arguably prohibited. Indeed, in its 2008 Handbook for Board Directors, CDFA specifically states that "DAAs are not authorized to take independent positions on legislation or to provide testimony at legislative hearing regarding bills on which the Governor's Office has not issued an approved position."

Furthermore, the substantive merits of any such communication to the Governor are dubious. While Item 6A expresses a concern that SB 264 "exclusively targets the 32nd DAA," such action to ban gun shows at a single fairground site has recent precedent. In 2019, Gov. Newsom signed Assembly Bill 893 (Gloria) into law, ending the sale of firearms and ammunition at the Del Mar Fairgrounds, operated by the 22nd District Agricultural Association. In 2020, Sen. Scott Wiener authored SB 281, which would have ended the sale of firearms and ammunition at the Cow Palace. SB 281 passed out of the Senate with a large supermajority of votes, but was pulled by Sen. Wiener after the Cow Palace Board enacted a ban on all future gun shows.

Given the clear linkage between firearms sales and gun violence, and also given that Orange County has been the site of several recent high-profile shootings, including the mass shooting in Orange and the murder of young Aidan Leos on the 55 Freeway earlier this year, there is ample reason to support a ban on gun shows at the OC Fair and Event Center.

Finally, it is worth noting that there is strong local support for SB 264. In addition to the many Orange County residents and groups who have contacted you in support of this bill, it has also enjoyed strong support from local legislators. SB 264 passed out of the Senate and Assembly with overwhelming majorities, including support from myself and Assemblymember Cottie Petrie-Norris (AD-74). As you know, Asm. Petrie-Norris and I are the two legislators who represent the OC Fair and Event Center. Most of the other legislators who represent Orange County also supported this bill, including Senators Bob Archuleta (SD-32), Josh Newman (SD-29), and Tom Umberg (SD-34), and Assemblymembers Tasha Boerner Horvath (AD-76), Tom Daly (AD-69), and Sharon Quirk-Silva (AD-65).

Item 6B: Discuss and Vote on Whether or Not to Approve 2022 Rental Agreements with Crossroads of the West Gun Show to Exclude Sale of Firearm Precursor Parts

I also understand that the Board is considering whether or not to "pre-approve" contracts with the Crossroads of the West Gun Show for 2022 and possibly beyond. Item 6B is predicated on SB 264's exclusion of firearms, firearm precursor parts, or ammunition sold pursuant to a contract entered into before January 1, 2022. For a number of reasons, I believe that any such "pre-approvals" of contracts, undertaken immediately after the passage of SB 264 from the Legislature, would be void for opposing public policy.

Some context here might be appropriate. In drafting SB 264, we considered whether or not to simply make the effective date January 1, 2022, with no exceptions. But to try to be fair to those who might have entered into contracts in good faith that extended beyond January 1, 2022, we crafted a narrow exception to this rule, allowing for contracts entered into before January 1, 2022 to also be excluded from the scope of SB 264.

However, with the bill now at the Governor's desk ready for his signature, I believe that any such contracts entered into by the Board at this point would prima facie appear to be made in bad faith, with the specific intent of evading and opposing the purpose of SB 264. Moreover, the context of this meeting—a special meeting, described by one local news publication as an attempt to "rush to pre-approve the contracts for its annual gun shows," in contravention of past established practices and procedures by this Board—gives further credence to the idea that the Board would be acting with the specific intent to thwart public policy if it pre-approved these contracts.

Let me be clear. Should the Board vote to approve Item 6B and "pre-approve" a long-term contract with Crossroads of the West or any other gun show operator, I would explore litigation and legislation seeking to void these contracts. I also believe that any such action by the Board would potentially expose its members to personal liability, since they would be acting specifically with clear intent to subvert and evade the purpose of a statute they believed was likely to take effect, in opposition to clearly established public policy.

I am grateful for your public service, and appreciate your close consideration of these matters. I am hopeful that you will fulfill your statutory and fiduciary duties and reject both of these Items presented to you today. My staff and I are available for further questions, and I encourage you to reach out to us for further dialogue on this and other matters.

Very truly yours,

Senator Dave Min (SD-37)

cc: Michele Richards, CEO
Doug La Belle, Board Vice Chair
Ashleigh Aitken, Board Member
Barbara Bagneris, Board Member
Sandra Cervantes, Board Member
Nick Kovacevich, Board Member
Newton Pham, Board Member
Robert Ruiz, Board Member