UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01518-JWH-JDE | Date | January 6, 2023 |
| Title | B & L Productions, Inc., et al. v. Gavin Newsom, et al. | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **ORDER FOR SUPPLEMENTAL BRIEFING REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [ECF No. 21] (IN CHAMBERS)**

Presently before this Court is the motion of Plaintiffs B&L Productions, Inc., d/b/a Crossroads of the West; Gerald Clark; Eric Johnson; Chad Littrell; Jan Steven Merson; California Rifle & Pistol Association, Incorporated; Asian Pacific American Gun Owners Association; Second Amendment Law Center, Inc.; and Second Amendment Foundation for a preliminary injunction against Defendants Gavin Newsom, Rob Bonta, Karen Ross, Todd Spitzer, and 32nd District Agricultural Association.[1] In view of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), this Court requires supplemental briefing regarding Plaintiffs' seventh claim for relief, for violations of the Second Amendment.[2]

In the Motion and the Opposition, both sides largely rely upon *Teixeira v. Cnty. of Alameda*, 873 F.3d 670 (9th Cir. 2017) (en banc), and other pre-*Bruen* Ninth Circuit cases that discuss the Second Amendment's protection of the right

---

[1]   *See* Pls.' Mot. for Prelim. Injunction (the "Motion") [ECF No. 21].
[2]   First Am. Compl. [ECF No. 19] 59:1-60:10.

to acquire arms.³ Pre-*Bruen*, the Ninth Circuit held that courts must "apply a two-step inquiry to examine [Second Amendment] claim[s]. We first ask 'whether the challenged law burdens conduct protected by the Second Amendment,' and, if so, we then determine the 'appropriate level of scrutiny.'" *Teixeira*, 873 F.3d at 682 (citing *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013)). It appears that that line of reasoning was explicitly overruled by *Bruen*, which held:

> Despite the popularity of this two-step approach, it is one step too many. Step one of the predominant framework is broadly consistent with *Heller*, which demands a test rooted in the Second Amendment's text, as informed by history. But *Heller* and *McDonald* do not support applying means-end scrutiny in the Second Amendment context. Instead, the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.

*Bruen*, 142 S. Ct. at 2127.

Although both Plaintiffs and Defendants discuss the textual and historical analysis performed by the *Teixeira* court, it appears that *Teixeira* is distinguishable on the facts because it involved a single business partnership seeking a permit from Alameda County to open a gun store in an unincorporated portion of the county. *Teixeira*, 735 F.3d at 673-74. In *Teixeira*, there were 10 other licensed gun shops in the county, including one that was "600 feet away from the proposed site of Teixeira's planned store." *Id.* at 679. In contrast, in this case Plaintiffs seek to enjoin two laws banning the sale of firearms at gun shows held on public property, both across Orange County and state-wide.⁴ Furthermore, in dismissing the plaintiff's complaint on a motion to dismiss, the Ninth Circuit in *Teixeira* explicitly stated that "[w]e need not define the precise scope of any such acquisition right under the Second Amendment to resolve this case." *Id.* at 678. Accordingly, this Court tentatively concludes that it cannot rely on *Teixeira* for the proposition that banning the sale of firearms at gun shows does not somehow burden the Second Amendment and that it must turn to *Bruen*'s textual and historical analysis of the laws in question.

---

³ Motion 22:28-23:9; Defs.' Opp'n to the Motion (the "Opposition") 21:15-24:12.

⁴ Motion 4:19-5:2.

In their Opposition, Defendants request that if this Court does not concur with Defendants' analysis of *Teixeira* and its application post-*Bruen*, then they should be allowed "an opportunity to compile the relevant historical record to supplement the historical evidence examined in *Teixeira*."[5] Defendants' request comports with *Bruen*'s instruction that, in our adversarial system, courts are "entitled to decide a case based on the historical record compiled by the parties." *Bruen*, 142 S. Ct. at 2130 n.6. In view of the novel issues presented by the laws in question, as well as *Bruen*'s instruction that when regulations burden Second Amendment rights "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation," this Court directs the parties to provide supplemental briefing on Plaintiffs' Second Amendment claim. *See id.* at 2126.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The parties are **DIRECTED** to file simultaneous supplemental briefs, not to exceed 25 pages,[6] no later than January 27, 2023, providing an analysis of the issues discussed above.

2. The hearing on the Motion is **CONTINUED** to February 10, 2023, at 9:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**

---

[5] Opposition 24 n.12.

[6] The Court sets a capacious page limit, but it also hastens to remind the parties that brevity is a virtue.