UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | |
|---|---|
| Case No. 8:22-cv-01518-JWH-JDE | Date February 1, 2023 |
| Title B & L Productions, Inc. et al v. Gavin Newsom, et al. | |

Present: The Honorable JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER FOR ADDITIONAL SUPPLEMENTAL BRIEFING REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [ECF No. 21] (IN CHAMBERS)**

Presently before this Court is the motion of Plaintiffs B&L Productions, Inc.; Gerald Clark; Eric Johnson; Chad Littrell; Jan Steven Merson; California Rifle & Pistol Association, Incorporated; Asian Pacific American Gun Owners Association; Second Amendment Law Center, Inc.; and Second Amendment Foundation for a preliminary injunction against Defendants Gavin Newsom, Rob Bonta, Karen Ross, Todd Spitzer, and 32nd District Agricultural Association.[1]

The Court previously directed the parties to file supplemental briefs concerning Plaintiffs' Second Amendment claim and to inform the Court whether SB 264 and SB 915 were "consistent with this Nation's historical tradition of firearm regulation." *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022). The Court is underwhelmed by the parties' submissions. Plaintiffs object to the Court's order for simultaneous briefing on the issue; Plaintiffs contend that they should have been allowed to respond to Defendants'

---

[1] *See* Pls.' Mot. for Prelim. Injunction (the "Motion") [ECF No. 21].

arguments concerning SB 264 and SB 915's consistency with historical traditions of firearm regulation.[2] Plaintiffs also request leave to file a supplemental reply to respond to the Defendants' newly filed materials, should the Court not be inclined to grant Plaintiffs' motion for a preliminary injunction.[3]

Conversely, Defendants unpersuasively devote over a third of their brief arguing that SB 264 and SB 915 did not regulate any protected conduct under the Second Amendment.[4] The Court did not seek supplemental briefing to permit Defendants to mount a rearguard defense of the Ninth Circuit's pre-*Bruen* legal authorities.[5] Instead, the Court intended to provide Defendants with an opportunity to "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *See Bruen*, 142 S. Ct. at 2130. Furthermore, as directed by the *Bruen* Court, "'[i]n our adversarial system of adjudication, we follow the principle of party presentation.' Courts are thus entitled to decide a case based on the historical record compiled by the parties." *Id.* at 2130 n.6 (citation omitted).

Defendants request additional time to supplement the record if the Court is not satisfied by prior briefing—which it is not—and they maintain that additional briefing is "required to answer the difficult historical questions posed by *Bruen*."[6] The Court is particularly interested in "a deeper canvass of historical state and municipal laws and additional primary-source research to further understand and contextualize the Nation's traditions of firearms regulation."[7] Accordingly, the Court **DIRECTS** the parties to file additional supplemental briefing on those topics.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

---

[2] Pls.' Court-Ordered Suppl. Brief in Supp. of Pls.' Mot. for Prelim. Inj. [ECF No. 27] 2:1-13.

[3] *Id.* at 15:9-11.

[4] State Defs.' Suppl. Brief in Opp'n to Mot. for Prelim. Inj. ("Defendants' Brief") [ECF No. 26] 1:1-7:10.

[5] *See Teixeira v. Cty. of Alameda*, 873 F.3d 670 (9th Cir. 2017).

[6] Defendants' Brief 15 n.5.

[7] *Id.*

1.      Defendants are **DIRECTED** to file a supplemental brief, not to exceed 25 pages, no later than February 24, 2023, providing an analysis of the issues discussed above.

2.      Plaintiffs are **DIRECTED** to file a supplemental brief, not to exceed 25 pages, no later than March 10, 2023, responding to Defendants' supplemental brief regarding the issues discussed above.

3.      Defendants are **DIRECTED** to file a reply brief, not to exceed 10 pages, no later than March 24, 2023, replying to Plaintiffs' supplemental brief regarding the issues discussed above.

4.      The hearing on the Motion is **CONTINUED** to Thursday, April 6, 2023, at 10:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**