C.D. Michel-SBN 144258
Anna M. Barvir-SBN 268728
Tiffany D. Cheuvront-SBN 317144
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs B&L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Asian Pacific American Gun Owner Association, Second Amendment Law Center, Inc.

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff Second Amendment Foundation

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

B&L PRODUCTIONS, INC., d/b/a CROSSROADS OF THE WEST; GERALD CLARK; ERIC JOHNSON; CHAD LITTRELL; JAN STEVEN MERSON; CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; ASIAN PACIFIC AMERICAN GUN OWNERS ASSOCIATION; SECOND AMENDMENT LAW CENTER, INC.; and SECOND AMENDMENT FOUNDATION,

Plaintiffs,

v.

GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; KAREN ROSS, in her official capacity as Secretary of California Department of Food & Agriculture and in his personal capacity; TODD SPITZER, in his official capacity as District Attorney of Orange County; 32nd DISTRICT AGRICULTURAL ASSOCIATION; DOES 1-10;

Defendants.

Case No.: 8:22-cv-01518 JWH (JDEx)

**PLAINTIFFS' OBJECTION TO THE STATE DEFENDANTS' EXPERT DECLARATIONS; MOTION TO STRIKE OR EXCLUDE THE STATE DEFENDANTS' EXPERT DECLARATIONS**

**[Fed. R. Evid. 103, 401-403, 702-706; Fed. R. Civ. P. 16(c)(2)(1)(D) & (F), 26(a)(2)]**

Date: April 6, 2023
Time: 9:00 a.m.
Courtroom: 9D
Judge: Honorable John D. Holcomb

Action Filed: August 12, 2022

Plaintiffs B&L Productions, Inc., Gerald Clark Eric Johnson, Chad Littrell, Jan Steven Merson, California Rifle & Pistol Association, Incorporated; Asian Pacific American Gun Owners Association, Second Amendment Law Center, Inc., and Second Amendment Foundation, by and through their respective counsel, object to the testimony and filings by the State Defendants' "experts" Patrick J. Charles, ECF No. 31-1, and Saul Cornell, ECF No. 31-2.

Plaintiffs also seek an order striking the declaration of these experts submitted by the State Defendants Gavin Newsom, Rob Bonta, Karen Ross, and 32nd District Agricultural Association in support of their Second Supplemental Brief In Opposition to Motion for Preliminary Injunction, ECF No. 31.

## INTRODUCTION

The legal arguments in the State's "expert" declarations belong in an amicus brief, and not as part of the evidentiary record of this case. This Court should exclude the testimony of both witnesses for at least three reasons: First, the testimony violates the Federal Rules of Evidence in that it does not provide opinion testimony about any facts based on scientific, technical, or other specialized knowledge that will aid the Court as trier of fact in adjudicating Plaintiffs' Motion for Preliminary Injunction. Second, the testimony is irrelevant. And third, there has been insufficient time for Plaintiffs to develop their own expert report or testimony, assuming such testimony is proper.

## ARGUMENT

### I. THE STATE'S EXPERTS ARE NOT QUALIFIED TO PROVIDE LEGAL OPINION

Under rule 72 of the Federal Rules of Evidence a witness with particular "knowledge, skill, experience, training, or education" may offer opinion testimony if that witness' knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue[.]" The proffered testimony by both of the State's "experts" purports to give opinion testimony on how to interpret laws from the Founding Era under the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n,*

*Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022). To the extent that the State's "experts" are offering legal arguments for or against a particular interpretation of historical statutes, however, they should have applied for leave to file an amicus curie brief with this Court. For they are *not* qualified to provide "expert" opinion on any legal question.

Indeed, the qualification for interpreting and adjudicating the law in a case or controversy in a federal court is to have been appointed to the court by the President of the United States and confirmed by the Senate. U.S. Const., art. II, § 2. Indeed, statutory interpretation is a legal question for a judge, not a factual question for the trier of fact. *Commodores Ent. Corp. v. McClary*, 879 F.3d 1114, 1129 (11th Cir. 2018). Thus, the district court must take "adequate steps to protect against the danger that [an] expert's opinion would be accepted as a legal conclusion." *United States v. Herring*, 955 F.2d 703, 709 (11th Cir. 1992). That duty does not change just because the legal question at issue involves some historical understanding of the history of firearm regulation in America.

Justice Scalia and Bryan Garner's text, *Reading the Law: The Interpretation of Legal Texts*, addresses this very issue. In the Chapter 13: Falsities Exposed, the authors expound on "[t]he false notion that lawyers and judges, not being historians, are unqualified to do the historical research to originalism requires." *Id.* at 399. While "[i]t is reasonable to ask whether lawyers and judges can adequately perform historical inquiry of this sort," "[t]hose who oppose originalism exaggerate the task." *Id.* at 401. In some cases, it might be difficult, "[b]ut that is the exception, not the rule. In most cases—and especially the most controversial ones—the originalist answer is entirely clear." *Id.*

Here, all the State must do is present laws from the relevant period that it claims are "well established and representative" analogues SB 264 and SB 916. *Bruen*, 142 S. Ct. at 2133. This Court then determines whether: (1) those proposed analogues are indeed well established and representative, and (2) whether they are

relevantly similar enough to uphold the State gun show, gun sales ban. *Id.* at 2132-33. Judges are better equipped than anyone to compare modern laws to old ones without extrinsic aids. This Court should not be tempted to abandon the task of interpreting historical laws to academics and scholars.

Instead, it should follow the lead of other district courts weighing Second Amendment challenges since *Bruen*. For example, a New York district court recently held that "[t]he Court's view of the State's expert's declaration is that live testimony and cross examination are not needed… The historical record itself, and not expert arguments or opinions, informs the analysis." *Hardaway v. Nigrelli*, No. 22-cv-771, 2022 U.S. Dist. LEXIS 200813, at *6 n.6 (W.D.N.Y. Nov. 3, 2022). Still another New York district court explained that "[t]he State Defendants are fully capable of meeting their burden of producing analogues (especially when prodded to do so), and judges appear uniquely qualified at interpreting the meaning of statutes." *Antonyuk v. Hochul*, 2022 U.S. Dist. LEXIS 201944, at *125 n.73.

These district courts' observations reflect the realities of *Bruen* itself. Recall, *Bruen* never even made it past the pleadings in the district court. There was no discovery. No battle of the experts. No diatribes from history professors speculating about why our Forefathers refrained from passing restrictions on public carry with any real regularity. There was nothing like that. And still, the Supreme Court managed to analyze the historical laws the government presented and, without remanding the case for further development, held that New York's modern carry law is not "consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2126, 2156; *but see id*. at 2164 (Breyer, J., dissenting) (complaining that the Court should remand the case to develop the record).

## II. THE STATE'S "EXPERT" TESTIMONY IS NOT RELEVANT

Federal Rule of Evidence 702(a) requires that the expert's opinion help the trier of fact to understand the evidence or determine a fact in issue—that is, the opinion must be relevant. *See Marvel Characters, Inc. v. Kirby,* 726 F.3d 119, 135

(2d Cir. 2013). Neither of the State's "expert" declarations are relevant to any factual question at issue.

Professor Cornell's submission is well written, and it appears to employ relevant citations to appropriate scholarly texts, but it is largely either an improper attempt to relitigate matters already decided by the Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago*, 561 U.S. 742 (2010), and *Bruen*, 142 S. Ct. 2111, or it impermissibly seeks to explain to this Court how to apply the law of those cases to the facts here.

Mr. Charles' submission is even less relevant as it appears to address itself solely to a historical defense of laws restricting the possession of arms in "sensitive places." But the Orange County Fair & Event Center is not a "sensitive place" and possession of firearms and ammunition is not at issue. Neither SB 264 nor SB 915 ban firearms at the fairgrounds. The State itself concedes that it is not seeking to ban gun shows, or even the possession of guns at gun shows at state fairgrounds. *See* Defs.' Opp'n Mot. Prelim. Inj. 1, 10. And its latest brief argues that "the purchase or sale of firearms or ammunition is prohibited *only* on state property—and such items may be sold and are readily accessible in ample alternative locations." Defs.' 2d Suppl. Br. 1 (citing Defs.' Suppl. Br. 1, 4-5).

## III. THE SUBMISSION OF EXPERT REPORTS WAS NOT REQUESTED BY THIS COURT, AND IT PREJUDICES PLAINTIFFS

This Court's first order for supplemental briefing on Plaintiffs' preliminary injunction motion asked the parties to "file simultaneous supplemental briefs … providing an analysis of the issues discussed above." Order (Jan. 6, 2022), ECF No. 25. The Court did not request or suggest that expert testimony would assist it. And footnote 6 anticipated briefs displaying the virtue of brevity.

Likewise, this Court's second order for supplemental briefing omitted any call for expert testimony, but provided the "Defendants with an opportunity to 'justify its regulation by demonstrating that it is consistent with the Nation's historical tradition

of firearm regulation.'" Order (Feb. 1, 2023), ECF No. 28 (citing *Bruen*, 142 S. Ct. at 2130). The Court most certainly did not ask for expert opinions on a matter that invades the duty of the Court to interpret the law.

Finally, this case is at a preliminary stage. There has been no discovery plan filed with the court or scheduling order. *See generally* Fed. R. Civ. P. 16(c)(2)(1)(D) & (F), 26(a)(2). Regardless of the outcome of the hearing on Plaintiffs' Motion for Preliminary Injunction, there is ample time for the Court to schedule and the parties to comply with the normal rules for expert disclosure and discovery.

## CONCLUSION

For these reasons, the Court should sustain the Plaintiffs' Objection to the State Defendants' Expert Testimony and strike the declarations of Patrick J. Charles, ECF No. 31-1, and Professor Saul Cornell, ECF No. 31-2.

Dated: March 10, 2023

**MICHEL & ASSOCIATES, P.C.**

*/s/ Anna M. Barvir*
Anna M. Barvir
Counsel for Plaintiffs B&L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Asian Pacific American Gun Owner Association, Second Amendment Law Center, Inc.

Dated: March 10, 2023

**LAW OFFICES OF DONALD KILMER, APC**

*/s/ Donald Kilmer*
Donald Kilmer
Counsel for Plaintiff Second Amendment Foundation

**ATTESTATION OF E-FILED SIGNATURES**

I, Anna M. Barvir, am the ECF User whose ID and password are being used to file this PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' SECOND SUPPLEMENTAL BRIEF RE: MOTION FOR PRELIMINARY INJUNCTION. In compliance with Central District of California L.R. 5-4.3.4, I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

Dated: March 10, 2023

*/s/ Anna M. Barvir*
Anna M. Barvir

# CERTIFICATE OF SERVICE

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *B & L Productions, Inc., et al. v. Newsom, et al.*
Case No.: 8:22-cv-01518 JWH (JDEx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' OBJECTION TO THE STATE DEFENDANTS' EXPERT DECLARATIONS; MOTION TO STRIKE OR EXCLUDE THE STATE DEFENDANTS' EXPERT DECLARATIONS**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Nicole J. Kau, Deputy Attorney General
nicole.kau@doj.ca.gov
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
*Attorney for Defendants*

I declare under penalty of perjury that the foregoing is true and correct.

Executed March 10, 2023.

/s/ Christina Castron
Christina Castron