ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
NICOLE J. KAU
Deputy Attorney General
State Bar No. 292026
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013-1230
  Telephone: (213) 269-6220
  Fax: (916) 731-2125
  E-mail: Nicole.Kau@doj.ca.gov
*Attorneys for Defendants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary Karen Ross, and 32nd District Agricultural Association*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **B&L PRODUCTIONS, INC., d/b/a CROSSROADS OF THE WEST, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 8:22-cv-01518 JWH (JDEx)<br><br>**STATE DEFENDANTS' RESPONSE TO PLAINTIFFS OBJECTIONS AND MOTION TO STRIKE EXPERT DECLARATIONS**<br><br>Date: April 6, 2023<br>Time: 9:00 a.m.<br>Courtroom: 9D<br>Judge: The Honorable John W. Holcomb<br>Action Filed: August 12, 2022 |

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1
ARGUMENT ............................................................................................................. 1
    I.    Defendants' Experts Are Qualified to Discuss Historical Evidence, and Such Testimony Will Assist the Court in Understanding Relevant Historical Traditions ....................................... 1
    II.   Plaintiffs Are Not Prejudiced by the Cornell and Charles Declarations ........................................................................................ 6
CONCLUSION .......................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Antonyuk v. Hochul*,
  No. 1:22-CV-0986, 2022 WL 16744700 (N.D.N.Y. Nov. 7, 2022) ................... 4

*Baird v. Bonta*,
  No. 2:19-CV-00617-KJM-AC, 2022 WL 17542432 (E.D. Cal. Dec. 8, 2022) .................................................................................................................. 5

*Duncan v. Becerra*,
  3:17-cv-01017-BEN-JLB, ECF No. 132 (S.D. Cal. Dec. 1, 2022) ..................... 5

*Miller v. Bonta*,
  No. 3:19-cv-1537-BEN-JLB, ECF No. 129-1 (S.D. Cal. Aug. 29, 2022) ................................................................................................................ 3

*Miller v. Smith*,
  No. 22-1482, 2023 WL 334788 (7th Cir. Jan. 20, 2023) ..................................... 4

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*,
  142 S. Ct. 2111 (2022) ............................................................................... 2, 3, 4

*Ocean State Tactical, LLC v. State of Rhode Island*,
  No. 22-CV-246 JJM-PAS, 2022 WL 17721175, at *12-13 (D.R.I. Dec. 14, 2022) ................................................................................................. 4

*United States v. Bullock*,
  No. 3:18-CR-165-CWR-FKB, 2022 WL 16649175 (S.D. Miss. Oct. 27, 2022) ........................................................................................................... 5

**Statutory and Constitutional Provisions**

Second Amendment ................................................................................... 1, 2, 4

Fourteenth Amendment .............................................................................. 1, 2, 4

Federal Rules of Evidence Rule 702 ................................................................ 1, 2

# TABLE OF AUTHORITIES
## (continued)

**Page**

**Other Authorities**

William Baude and Jud Campbell, *Early American Constitutional History: A Source Guide* (March 11, 2023), available at
https://ssrn.com/abstract=2718777 ................................................................... 3

Zachary Schrag, *The Princeton Guide to Historical Research* (Princeton University Press 2021) ........................................................................ 3

# INTRODUCTION

State Defendants' second supplemental brief was accompanied by the declarations of historical experts Saul Cornell and Patrick Charles, who collectively provide insights into the traditions of regulating firearms as commercial products and in sensitive places in the eighteenth and nineteenth centuries. Plaintiffs move to strike these declarations, arguing that this evidence will not assist the Court and that it prejudices Plaintiffs. The Court should reject Plaintiffs' arguments. Determining whether a modern firearm-related regulation is "relevantly similar" to restrictions enacted when the Second Amendment or Fourteenth Amendment was ratified is not as simple as looking for old laws on the Internet and listing them on a spreadsheet. Conducting a rigorous analysis of historical analogues and contextualizing how they fit within a historical tradition is a task that requires specialized knowledge. Indeed, virtually every federal court to address *Bruen*'s historical analysis has recognized the value of expert testimony and has allowed such evidence. Nor have Plaintiffs been prejudiced by Defendants' submission of expert declarations at this stage of the litigation. Plaintiffs were free to submit declarations in support of their motion, and in fact, their counsel has done so in other Second Amendment challenges. Plaintiffs' motion to strike the declarations of Saul Cornell and Patrick Charles should be denied.

# ARGUMENT

**I.   DEFENDANTS' EXPERTS ARE QUALIFIED TO DISCUSS HISTORICAL EVIDENCE, AND SUCH TESTIMONY WILL ASSIST THE COURT IN UNDERSTANDING RELEVANT HISTORICAL TRADITIONS**

Rule 702 of the Federal Rules of Evidence states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

There is no dispute that Saul Cornell or Patrick Charles are experts in their respective fields. Their credentials are impressive. Cornell Decl., ECF 31-2 at ¶¶ 3-4 (professor of American History at Fordham University; writings on Second Amendment and gun regulation have been "widely cited by state and federal courts, including the majority and dissenting opinions in *Bruen*"); Charles Decl., ECF 31-1 at ¶ 3 (received L.L.M. in Legal Theory and History with distinction from Queen Mary University of London; writings on the history of the law have been cited by the Supreme Court, among other appellate courts). As Plaintiffs concede, Professor Cornell's declaration is "well written" and "appears to employ relevant citations to appropriate scholarly texts," and Mr. Charles' declaration addresses the history of "laws restricting the possession of arms in 'sensitive places.'" Pls.' Mot. to Strike Defs.' Expert Decls., ECF No. 33 at 4.

Plaintiffs instead argue that expert declarations will not help this Court in the analysis called for in *New York State Rifle & Pistol Association, Inc. v. Bruen,* 142 S. Ct. 2111 (2022). To be clear, Defendants did not retain historians to "offer[] legal arguments" or an "opinion on any legal question." *See* Pls.' Mot. to Strike Defs.' Expert Decls., ECF No. 33 at 2. It is the Court's role to determine whether the government has satisfied the *Bruen* historical analysis—here, whether Defendants have justified SB 264 and SB 915 by identifying a "relevantly similar" restriction enacted when the Second Amendment or Fourteenth Amendment was

ratified. *Bruen*, 142 S. Ct. at 2132-33. But that determination should be made based on the "historical record compiled by the parties," at 2130 n.6—including any pertinent expert evidence.

Preparing a record that discerns relevant historical traditions involves original historical research—an "unpredictable, labor-intensive, and time-consuming" process, albeit a necessary one. *Miller v. Bonta*, No. 3:19-cv-1537-BEN-JLB, ECF No. 129-1 [Decl. of Zachary Schrag] at ¶ 7 (S.D. Cal. Aug. 29, 2022). To identify possible historical analogues to challenged regulations, an expert must first devise the scope of the research project and identify appropriate primary and second source materials to consult. *Id.* ¶¶ 9-17. Such sources might include court records, newspaper articles, books, and manuscripts, in addition to statutory and legislative materials. *Id.* ¶ 15. The accessibility of these sources can vary greatly, especially for archival materials dating back to the eighteenth and nineteenth centuries. *Id.* ¶¶ 20-21. Developing effective search criteria requires special expertise to account for linguistic developments since that historical period, since using modern language "can yield profoundly misleading results." *Id.* ¶¶ 18-21. And while attorneys and judges are accustomed to performing textual analysis of laws, historical scholars are better situated to interpret eighteenth- and nineteenth-century statutes within their broader historical context, referencing what events or circumstances contributed to a law's enactment or enforcement history. *See id.* ¶ 31; *see also* Zachary Schrag, *The Princeton Guide to Historical Research* (Princeton University Press 2021); William Baude and Jud Campbell, *Early American Constitutional History: A Source Guide*, (March 11, 2023), available at https://ssrn.com/abstract=2718777 (guide to source materials relevant to late eighteenth- and early nineteenth-century constitutional history in the United States).

Here, Professor Cornell and Mr. Charles not only identify relevant historical laws, but provide context that is not readily apparent from the text of those laws. The Cornell declaration describes the evolution of firearm usage and technology in

early America, and how government regulation of firearm-related products evolved contemporaneously. The Charles declaration explains the development of the sensitive places doctrine in English and American history. The specialized knowledge offered by these experts will assist the Court in understanding the historical analogues identified by Defendants in their supplemental briefing and the contours of government regulation of firearms and ammunition at the time of the ratification of the Second Amendment and Fourteenth Amendment.

Notwithstanding Plaintiffs' argument to the contrary (Pls.' Mot. to Strike Defs.' Expert Decls., ECF No. 33 at 3), courts have routinely acknowledged the value of expert testimony of historians in informing the *Bruen* historical analysis. Take, for example, *Antonyuk v. Hochul*, No. 1:22-CV-0986 (GTS/CFH), 2022 WL 16744700 (N.D.N.Y. Nov. 7, 2022), which Plaintiffs cite to support their assertion that *Bruen* merely requires attorneys to produce analogues and judges to interpret their meaning. Pls. Mot. to Strike Defs.' Expert Decls., ECF No. 33 at 3 (citing *Antonyuk*, at *41 n.72). The court went on to note that what would be helpful to the analysis "is the testimony of opposing historians with expertise in the time periods and regions that produced the laws." *Antonyuk*, at *41 n.72. The court recognized that in "an adversarial system," "reasonable minds may disagree about such issues as (1) the nature and extent of the then-existing societal problem that justified a historical law, and (2) the nature and extent of the burden imposed by the law at that time and place." *Id*; *see also Ocean State Tactical, LLC v. State of Rhode Island*, No. 22-CV-246 JJM-PAS, 2022 WL 17721175, at *12-13 (D.R.I. Dec. 14, 2022) (relying on expert testimony from a professor of linguistics with an emphasis on historical language usage to distinguish the meaning of "Arms" from "accoutrements" in early America); *Miller v. Smith*, No. 22-1482, 2023 WL 334788, at *1 (7th Cir. Jan. 20, 2023) (remanding case to the district court for the parties to engage in further discovery, including to provide additional expert reports).

Indeed, some courts have even considered retaining a court-appointed historian to develop the historical record.  In *United States v. Bullock*, No. 3:18-CR-165-CWR-FKB, 2022 WL 16649175 (S.D. Miss. Oct. 27, 2022), the court explained its reasoning for considering this option:

> This Court is not a trained historian. The Justices of the Supreme Court, distinguished as they may be, are not trained historians. We lack both the methodological and substantive knowledge that historians possess. The sifting of evidence that judges perform is different than the sifting of sources and methodologies that historians perform. *See id.* at 2177 (Breyer, J., dissenting) ("Courts are, after all, staffed by lawyers, not historians."). And we are not experts in what white, wealthy, and male property owners thought about firearms regulation in 1791. Yet we are now expected to play historian in the name of constitutional adjudication.

*Id.* at *1; *see also Baird v. Bonta*, No. 2:19-CV-00617-KJM-AC, 2022 WL 17542432, at *9 (E.D. Cal. Dec. 8, 2022) (ordering the parties to show cause why the court should not appoint its own expert "to collect and survey evidence of the 'historical tradition that delimits the outer bounds of the right to keep and bear arms'") (quoting *Bruen*, 142 S. Ct. at 2127).

While Plaintiffs dispute the use of expert evidence here, their counsel has presented similar testimony in other post-*Bruen* matters.  In *Boland v. Bonta*, 8:22-cv-01421-CJC (ADSx), ECF No. 60 (S.D. Cal. Mar. 20, 2023), for example, the plaintiffs presented expert Clayton Cramer to discuss historical laws, such as early American laws limiting the amount of gunpowder people could store in their homes.  *Id.* at 15.  And in *Duncan v. Becerra*, 3:17-cv-01017-BEN-JLB, ECF No. 132 at 4, 14-15, 17, 32, 41, 47 (S.D. Cal. Dec. 1, 2022), the plaintiffs relied on the testimony of Ashley Hlebinsky on firearms technology and relevant historical analogues to support their arguments in supplemental briefing.  While Plaintiffs here contend otherwise (*see* Pls.' Mot. to Strike Defs.' Expert Decls., ECF No. 33 at 3), this Court can look to expert testimony to assist in "the task of interpreting historical laws" without "abandon[ing]" its judicial decision-making role.

## II. PLAINTIFFS ARE NOT PREJUDICED BY THE CORNELL AND CHARLES DECLARATIONS

Plaintiffs also claim that they face prejudice as a result of Defendants' submission of expert declarations. The Court ordered supplemental briefing on relevant historical analogues on January 6, 2023, and ordered additional briefing on February 1, 2023, with a deadline of March 10, 2023, for Plaintiffs' response, two weeks after Defendants' second supplemental brief was filed. Neither of the Court's orders prohibited the parties from submitting supporting evidence, including expert testimony, with their briefing. Given the Court's expressed interest in historical analogues, the customary practice of relying on expert evidence to identify and contextualize such analogues, and the time Plaintiffs had to file their response, Plaintiffs were not unfairly prejudiced here.

## CONCLUSION

Based on the foregoing, the Court should overrule Plaintiffs' objections and deny the motion to strike.

Dated: March 24, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General

/s/ NICOLE J. KAU
NICOLE J. KAU
Deputy Attorney General
*Attorneys for Defendants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary Karen Ross, and 32nd District Agricultural Association*

SA2022303648; 65834023.docx

6

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for the State Defendants, certifies that this brief contains 1,717 words, which complies with the word limit of L.R. 11-6.1.

Dated:  March 24, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
R. Matthew Wise
Supervising Deputy Attorney General

/s/Nicole J. Kau
NICOLE J. KAU
Deputy Attorney General
*Attorneys for Defendants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary Karen Ross, and 32nd District Agricultural Association*

# CERTIFICATE OF SERVICE

Case Name: **B&L Productions, Inc., et al. v. Gavin Newsom, et al.**   No. **8:22-cv-01518 JWH (JDEx)**

I hereby certify that on <u>March 24, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' RESPONSE TO PLAINTIFFS OBJECTIONS AND MOTION TO STRIKE EXPERT DECLARATIONS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 24, 2023</u>, at Los Angeles, California.

| Carol Chow | */s/Carol Chow* |
|---|---|
| Declarant | Signature |

SA2022303648