ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
NICOLE J. KAU
Deputy Attorney General
State Bar No. 292026
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6220
 Fax:  (916) 731-2125
 E-mail:  Nicole.Kau@doj.ca.gov
*Attorneys for Defendants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary Karen Ross, and 32nd District Agricultural Association*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **B&L PRODUCTIONS, INC., d/b/a CROSSROADS OF THE WEST, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 8:22-cv-01518 JWH (JDEx)<br><br>**STATE DEFENDANTS' NOTICE AND MOTION FOR RECONSIDERATION OF STAY OF INJUNCTION PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  December 15, 2023<br>Time:  9:00 a.m.<br>Courtroom:  9D<br>Judge:  Honorable John W. Holcomb<br>Action Filed: August 12, 2022 |

TO THE HONORABLE COURT AND COUNSEL FOR ALL PARTIES:

PLEASE TAKE NOTICE that on December 15, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Judge John W. Holcomb of the United States District Court, Central District of California, located at 411 W. 4th Street, Santa Ana, California 92701-4516, Courtroom 9D, Defendants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary

1  Karen Ross of the California Department of Food and Agriculture, and the 32nd
2  District Agricultural Association (collectively, State Defendants) will and hereby
3  do move for reconsideration of the portion of the October 30, 2023 Order denying a
4  stay of the injunction pending appeal, ECF No. 43, under Federal Rule of Civil
5  Procedure 60(b)(2) and Local Rule 7-18.

   The State Defendants' motion for reconsideration is based on new facts that
have emerged since the Court denied the stay pending appeal, which materially
alter the circumstances bearing on whether a stay of the injunction pending appeal
is warranted.  The State Defendants have recently learned, after the Court issued its
order, that Plaintiff B&L Productions, Inc. d/b/a Crossroads of the West has been
coordinating with the 32nd District Agricultural Association to reserve January 20-
22, 2024 and March 30-31, 2024, for gun shows at the Orange County Fairgrounds.
These gun shows are expected to take place before an appeal in this matter can be
resolved in the Ninth Circuit.  Based on these new facts and the harm that would
arise if sales of firearms, ammunition, and precursor parts are allowed at gun
shows—before the Ninth Circuit can resolve an appeal—the State Defendants
respectfully request that the Court reconsider the portion of the Order denying a
stay of the preliminary injunction pending appeal, and grant a stay of the injunction
pending appeal.

Dated:  November 13, 2023            Respectfully submitted,

                                     ROB BONTA
                                     Attorney General of California
                                     R. MATTHEW WISE
                                     Supervising Deputy Attorney General

                                     /s/ Nicole J. Kau
                                     NICOLE J. KAU
                                     Deputy Attorney General
                                     *Attorneys for Defendants Governor*
                                     *Gavin Newsom, Attorney General Rob*
                                     *Bonta, Secretary Karen Ross, and*
                                     *32nd District Agricultural Association*

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On October 30, 2023, the Court preliminarily enjoined SB 915 and SB 264, which prohibit the sale of firearms, ammunition, and precursor parts on state property and the Orange County Fairgrounds. Order, ECF No. 43 at 30-31. At the end of that Order, the Court also denied the State Defendants' request for a stay of the injunction pending appeal, reasoning in part that because "Plaintiffs aver that the 32nd DAA will negotiate event dates only for the following calendar year, it is unlikely that any gun sales will take place at the Orange County Fairgrounds before Defendants have appealed the preliminary injunction." *Id.* at 30. That ground for denying a stay of the injunction pending appeal is no longer correct. Since the Order was issued, Plaintiff B&L Productions, Inc. has been coordinating with the District to host a gun show at the Orange County Fairgrounds on January 20-22, 2024, as well as March 30-31, 2024 and November 29-December 1, 2024. The gun shows in January and March are expected to take place before the Ninth Circuit resolves an appeal. The State Defendants must file a notice of appeal by November 29, 2023, and briefing will not be complete until February 2024, even under the expedited schedule governing preliminary injunction appeals. In light of the "emergence of [these] new material facts" (C.D. Cal. L.R. 7-18), and the harms that would arise if sales of firearms, ammunition, and precursor parts are authorized at gun shows before the Ninth Circuit can resolve the appeal, the Court should reconsider the portion of the order denying a stay and grant a stay of the preliminary injunction pending appeal.

## STANDARD OF REVIEW

A party may seek reconsideration of a prior ruling on the basis of newly discovered evidence. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *e.g.*, *In re Reynolds*, 235 F. App'x 487 (9th Cir. 2007). Central District

of California Local Rule 7-18 specifies three grounds on which a motion for reconsideration may be presented to the district court:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

C.D. Cal. L.R. 7-18.

## ARGUMENT

**I.   NEW MATERIAL FACTS WARRANT RECONSIDERATION**

Since the Order was issued on October 30, 2023, new material facts have come to light.  Plaintiff B&L Productions is now coordinating with the District to host three gun shows in 2024, scheduled for January 20-22, 2024, March 30-31, 2024 and November 29-December 1, 2024.  Richards Decl., ¶ 5.  The gun shows in January and March are expected to take place before an appeal of the preliminary injunction can be resolved:  the Notice of Appeal is due by November 29, 2023; briefing on an expedited preliminary injunction will not be complete until February 2024; and the Ninth Circuit is not expected to resolve the appeal until after briefing is completed.  *See* Fed. R. App. P. 4 (notice of appeal deadline is November 29, 2023); 9th Cir. R. 3-3(b) (providing for expedited briefing schedule for preliminary injunction appeal).  A related appeal in *B&L Productions, Inc. v. Newsom*, S.D. Cal., No. 3:21-cv-01718, 9th Circ., No. 23-55431, is pending before the Ninth Circuit and is expected to be fully briefed in December 2024, with oral argument presented in March or April of 2024.

In the October 30 order, the Court denied a stay pending appeal, reasoning in part that it is "unlikely that any gun sales will take place at the Orange County Fairgrounds before Defendants have appealed the preliminary injunction."  Order,

ECF No. 43 at 30.  Because that supposition is no longer true, the State Defendants respectfully request that the Court reconsider its order denying a stay of the injunction pending appeal.

## II.  THE APPEAL WILL PRESENT SERIOUS LEGAL QUESTIONS

The Court also noted that it was denying a stay because Defendants had not "shown a likelihood of success on the merits of Plaintiffs' constitutional claims." Order, ECF No. 43 at 30.  But to obtain a stay, a party "need not demonstrate that it is more likely than not that they will win on the merits" or that "ultimate success is probable." *Leiva-Perez v. Holder*, 640 F.3d 962, 966-967 (9th Cir. 2011).  Rather, "a substantial case on the merits" or "serious legal questions" will suffice "so long as the other factors support the stay." *Id.* at 966, 968 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987); *see, e.g.*, *Rhode v. Becerra*, 2020 WL 9938296, at *1 (9th Cir. May 14, 2020).  The State Defendants have satisfied that standard here, as reflected in the decision issued by another district court dismissing a complaint raising claims similar to the claims raised in this matter. *See B&L Productions, Inc. v. Newsom*, S.D. Cal., No. 3:21-cv-01718, 9th Circ., No. 23-55431.

As to the First Amendment claim, the Court first determined that "legislation that restricts sales also restricts commercial speech." Order, ECF No. 43 at 13.  But as the Court acknowledged, *id.*, "the act of exchanging money for a gun is not 'speech' within the meaning of the First Amendment." *Nordyke 1997*, 110 F.3d 707, 710 (9th Cir. 1997); *see also Nordyke v. King*, 319 F.3d 1185, 1191 (9th Cir. 2003).  While the Ninth Circuit also observed that "[a]n offer to sell firearms or ammunition" is commercial speech, *Nordyke 1997*, 110 F.3d at 710, that determination rests on distinct circumstances not present here. *Nordyke 1997* concerned a contract provision that explicitly prohibited the "offering for sale" of firearms. *Id.* at 708-709.  Here, the challenged statutes prohibit only *sales* of firearm-related products and not *offers for sale*.  That they forbid state personnel from "contract[ing] for, authoriz[ing], or allow[ing]" such sales, *see* Cal. Penal

5

1  Code §§ 27575(a), 27573(a), does not suggest that more than "the act of
2  exchanging money for a gun" is prohibited; this statutory language is merely the
3  enforcement mechanism for the sales restrictions.
4      Even if the challenged statutes were to be viewed as regulating speech, they
5  would pass constitutional muster no matter the analytical test applied. SB 264 and
6  915 are tailored to address illegal commerce that regularly occurs at gun shows in
7  California. The California Department of Justice Armed and Prohibited Persons
8  System (APPS) 2021 Report documents the arrest of a felon for purchasing a gun
9  magazine at a gun show in San Bernardino, California. Request for Judicial Notice,
10  Ex. A at 53. That individual had also purchased an AR-15 upper receiver and
11  complete pistol ghost gun kit. *Id*. The APPS 2022 Report documents the arrest of a
12  firearms dealer selling assault weapons without proper permits at a gun show in
13  Red Bluff, California. *Id.*, Ex. B at 56. And Assembly Bill 893's legislative
14  findings describe records of 14 crimes at Plaintiff B&L's gun shows at the Del Mar
15  Fairgrounds. *Id.*, Ex. C at 1. While it may be true that some of the "same firearms
16  are available for purchase at regular gun stores," Order, ECF No. 43 at 15, the
17  evidentiary record establishes that the gun-show setting uniquely lends itself to
18  illegal transactions.
19      The challenged statutes also meet the deferential limited public forum test
20  because they are "reasonable and viewpoint-neutral." *Wright v. Incline Village*
21  *General Improvement Dis.*, 665 F.3d 1128, 1134 (9th Cir. 2011).[1] They are
22  reasonable because mitigating gun violence by preventing illegal firearm and
23  ammunition transactions is consistent with the public safety interest for a state
24  property that is a major event venue for large gatherings of people. *See Int'l Soc'y*
25  *for Krishna Consciousness of Cal., Inc. v. City of Los Angeles*, 764 F.3d 1044, 1049

---

[1] That a deferential standard applies here is underscored by the Ninth Circuit's recent decision finding that "[t]he interior, ticketed portion of [a] fairground is a *nonpublic* forum under the First Amendment." *Camenzind v. CA Exposition & State Fair*, _F.4th _, 2023 WL 7140148 (9th Cir. Oct. 31, 2023), at *9 (emphasis added).

(9th Cir. 2014) (the reasonableness inquiry is satisfied when the restriction is consistent with the government's interest in preserving property for its lawfully dedicated use). And they are viewpoint neutral because they apply to any event on the Fairgrounds, not just to gun shows. Cal. Penal Code §§ 27575(a), 27573(a).

Nor do the challenged statutes prohibit expressive conduct. As the District's former event services supervisor recounted last December, Plaintiff B&L had "not made inquiries to the District since December 3, 2021, about reserving dates for its events." Olvera Decl., ECF No. 22-1, ¶ 9; State Defs.' Opp'n to Mot. [Opp'n], ECF No. 22 at 11 n.8. But she made clear that "[i]f contacted, the District will coordinate with [Plaintiff] in reserving the Fairgrounds for events." Olvera Decl., ¶ 10; Opp'n at 11 n.8. The record thus establishes that the District did not infringe upon Plaintiff B&L's expressive conduct rights.

The State Defendants have also shown at least "a substantial case on the merits" or "serious legal questions" with respect to the Second Amendment claim. *Bruen* directs courts to first assess "whether the plain text of the Second Amendment protects [the individual's] proposed course of conduct," *New York State Rifle & Pistol Association, Inc. v. Bruen* 142 S. Ct. 2111, 2134 (2022)—i.e., whether the regulation at issue prevents any "people" from "keep[ing]" or "bear[ing]" "Arms" for lawful purposes. *See Nat'l Ass'n for Gun Rights*, Inc. v. *City of San Jose*, 2023 WL 4552284, at *5 (N.D. Cal. July 13, 2023). In conducting that textual analysis, "the regulated conduct must be defined specifically enough that it can meaningfully compare to the Second Amendment's plain text." *United States v. Reyna*, 2022 WL 17714376, at *4 (N.D. Ind. Dec. 15, 2022).

The Court determined that the regulated conduct here is covered by the Second Amendment because "Defendants fail to identify how the general experience of Plaintiffs' gun shows can be replicated by alternative forums in the area." Order, ECF No. 43 at 24. But "keep" and "bear" as used in the Second Amendment means to "have" and "carry" weapons for the purpose of

7

"confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 583–84 (2008). The Second Amendment does not "guarantee[] a certain type of retail experience," *Teixeira v. Cty. of Alameda*, 873 F.3d 670, 680 n.13 (9th Cir. 2017), nor does it "elevate convenience and preference over all other considerations," *id*. at 680. Because Plaintiffs can readily purchase firearms and ammunition at hundreds of brick-and-mortar stores near the Fairgrounds, McGee Decl., ECF No. 26-1 at ¶¶ 5-7, the challenged statutes do not infringe upon their right to keep and bear arms. And indeed, they are among the "conditions and qualifications on the commercial sale of arms" that the Supreme Court has recognized are presumptively lawful. *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (quoting *Heller*, 554 U.S. at 626).

The challenged statutes are also "consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S.Ct. at 2130. The Government need not identify a "historical *twin*" or "dead ringer," but only a "well-established and representative historical analogue." *Id*. at 2133. The State Defendants have documented at length three relevant historical traditions here: (1) the government's authority to regulate conduct on its own property, (2) the regulation of firearms and ammunition commerce to promote public safety, and (3) the regulation of firearms in sensitive places. State Defendants' Supplemental Briefs, ECF Nos. 26, 31, 34. The historical laws identified address similar goals—"controlling and tracing the sale of firearms" and "ensuring dangerous individuals d[o] not obtain firearms." *United States v. Holton*, 639 F. Supp. 3d 704, 711–12 (N.D. Tex. 2022).

### III. THE EQUITIES FAVOR A STAY

The balance of the equities also favors granting a stay pending appeal. A stay would not prevent the Plaintiffs and the public from gathering and engaging in gun-related activities and speech, Olvera Decl., ECF No. 22-1 at ¶ 10; Richards Decl., ¶ 6, or from purchasing arms outside of a gun show, McGee Decl., ECF No. 26-1 at ¶¶ 5-7. At the same time, a stay would prevent irreparable harm from illegal

firearms-related sales at gun shows, as well as the public harm inherent in suspension of validly enacted statutes, while the Ninth Circuit considers the merits of the appeal. The APPS reports from 2021 and 2022 provide specific examples of illegal commerce at gun shows in California. *Supra*, at p. 6. In addition, if the preliminary injunction were allowed to take effect, gun show attendees may be able to purchase and obtain ammunition on site because there is no ten-day waiting period for ammunition purchases. *Compare* Cal. Penal Code § 26815 (waiting period for firearm purchases) *with id.* § 30370 (no waiting period for ammunition purchases).

## CONCLUSION

The Court should grant the motion for reconsideration and stay the preliminary injunction pending appeal.

Dated: November 13, 2023

Respectfully submitted,

ROB BONTA  
Attorney General of California  
R. MATTHEW WISE  
Supervising Deputy Attorney General

/s/ Nicole J. Kau  
NICOLE J. KAU  
Deputy Attorney General  
*Attorneys for Defendants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary Karen Ross, and 32nd District Agricultural Association*

# CERTIFICATE OF SERVICE

Case Name:  **B&L Productions, Inc., et al. v. Gavin Newsom, et al.**     No.  **8:22-cv-01518 JWH (JDEx)**

I hereby certify that on <u>November 13, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' NOTICE AND MOTION FOR RECONSIDERATION OF STAY OF INJUNCTION PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 13, 2023</u>, at Los Angeles, California.

Kevin Carballo
Declarant

*Kevin Carballo*
Signature

SA2022303648
66375659.docx