1  C.D. Michel-SBN 144258
   Anna M. Barvir-SBN 268728
2  Tiffany D. Cheuvront-SBN 317144
   MICHEL & ASSOCIATES, P.C.
3  180 East Ocean Blvd., Suite 200
   Long Beach, CA 90802
4  Telephone: (562) 216-4444
   Email: cmichel@michellawyers.com
5
   Attorneys for Plaintiffs B&L Productions, Inc., California Rifle & Pistol Association,
6  Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Asian
   Pacific American Gun Owner Association, Second Amendment Law Center, Inc.
7
   Donald Kilmer-SBN 179986
8  Law Offices of Donald Kilmer, APC
   14085 Silver Ridge Road
9  Caldwell, Idaho 83607
   Telephone: (408) 264-8489
10 Email: Don@DKLawOffice.com

11 Attorney for Plaintiff Second Amendment Foundation

12                IN THE UNITED STATES DISTRICT COURT

13             FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 B&L PRODUCTIONS, INC., d/b/a            CASE NO: 8:22-cv-01518 JWH (JDEx)
   CROSSROADS OF THE WEST;
15 GERALD CLARK; ERIC JOHNSON;            **PLAINTIFFS' OPPOSITION TO**
   CHAD LITTRELL; JAN STEVEN              **STATE DEFENDANTS' MOTION**
16 MERSON; CALIFORNIA RIFLE &             **FOR RECONSIDERATION OF STAY**
   PISTOAL ASSOCIATION,                   **OF INJUNCTION PENDING APPEAL**
17 INCORPORATED; ASIAN PACIFIC
   AMERICAN GUN OWNERS
18 ASSOCIATION; SECOND                    Hearing Date:    December 15, 2023
   AMENDMENT LAW CENTER, INC.;            Hearing Time:    9:00 a.m.
19 and SECOND AMENDMENT                   Courtroom:       9D
   FOUNDATION,                            Judge:           Hon. John W. Holcomb
20
                    Plaintiffs,
21
             v.                           Action Filed: August 12, 2022
22
   GAVIN NEWSOM, in his official
23 capacity as Governor of the State of
   California; ROB BONTA, in his official
24 capacity as Attorney General of the State
   of California; KAREN ROSS, in her
25 official capacity as Secretary of
   California Department of Food &
26 Agriculture and in his personal capacity;
   TODD SPITZER, in his official capacity
27 as District Attorney of Orange County;
   32nd DISTRICT AGRICULTURAL
28 ASSOCIATION; DOES 1-10;

                    Defendants.

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

# TABLE OF CONTENTS

**Page**

Table of Contents ................................................................................................. 1

Table of Authorities ............................................................................................ 2

Introduction ......................................................................................................... 6

Argument ............................................................................................................. 7

I.     The State Does Not Meet the Requirements for Reconsideration .................. 7

II.    The State Is Not Entitled to a Stay of the Preliminary Injunction Pending
       Appeal ...................................................................................................... 10

       A.     The State Has Not Shown a Strong Likelihood of Success ................... 11

       B.     The State Has Not Shown That It Will Suffer Irreparable Harm ........... 16

       C.     The Balance of Equities and Public Interest Do Not Favor a Stay ........ 18

Conclusion ......................................................................................................... 19

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

1

2

# TABLE OF AUTHORITIES

Page(s)

3

**Cases**

4

5

*389 Orange St. Partners v. Arnold*,
    342 F.3d 934 (9th Cir. 1999) ......................................................... 6, 7, 8

6

7

*Alaska Conserv. Council v. U.S. Army Corps of Eng'rs.*,
    472 F.3d 1097 (9th Cir. 2006) ............................................................... 16

8

9

*Alvarado v. Hartford Life & Accident Ins.*,
    No. CV 11-00176, 2012 WL 12548145 (C.D. Cal. Jan. 31, 2012) ...................... 12

10

11

*Am. Civ. Libs. Union v. Alvarez*,
    679 F.3d 583 (7th Cir. 2012) ................................................................. 18

12

13

*Am. Unites for Kids v. Lyon*,
    2015 WL 5822578 (C.D. Cal. Sept. 30, 2015) ........................................... 7

14

15

*B&L Productions, Inc. v. Newsom*,
    2023 WL 3443280 (S.D. Cal. Mar. 14, 2023) ........................................... 19

16

17

*Boland v. Bonta*,
    2023 WL 2588565 (C.D. Cal. Mar. 20, 2023) ........................................... 12

18

19

*Carroll v. Nakatani*,
    342 F.3d 934 (9th Cir. 2003) ................................................................. 10

20

21

*Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*,
    447 U.S. 557 (1980) ............................................................................. 17

22

23

*Davidson v. City of Culver City*,
    No. CV 04-2220, 2004 WL 5361891 (C.D. Cal. Sept. 20, 2004) ...................... 13

24

25

*Davidson v. Culver City*,
    159 F. App'x 756 (9th Cir. 2005) ........................................................... 13

26

27

*District of Columbia v. Heller*,
    554 U.S. 570 (2008) ............................................................................. 12

28

2

*Duncan v. Bonta*,
   83 F.4th 803 (9th Cir. 2023) ......................................................................... 9

*Far Out Prods., Inc. v. Oskar*,
   247 F.3d 986 (9th Cir. 2001) ..................................................................... 12, 13

*Feltzs v. Cox Commc'ns Cal., LLC.*,
   562 F. Supp. 3d 535 (C.D. Cal. 2021) .......................................................... 7

*Gilder v. PGA Tour, Inc.*,
   936 F.2d 417 (9th Cir. 1991) ....................................................................... 15

*Heller v. District of Columbia* (*Heller II*),
   670 F.3d 1244 (D.C. Cir. 2011) ................................................................... 15

*Indep. Living Ctr. of S. Cal. v. Maxwell-Jolly*,
   572 F.3d 644 (9th Cir. 2009) ....................................................................... 17

*Index Newsps. LLC v. U.S. Marshalls Serv.*,
   977 F.3d 817 (9th Cir. 2020) ....................................................................... 18

*Jackson v. City & Cnty. of San Francisco*,
   746 F.3d 953 (9th Cir. 2014) ....................................................................... 12

*Klein v. City of San Clemente*,
   584 F.3d 1196 (9th Cir. 2009) ..................................................................... 18

*Leiva-Perez v. Holder*,
   640 F.3d 962 (9th Cir. 2011) ................................................................. 11, 16

*Miller v. Bonta*,
   No. 23-2979 (9th Cir. Oct. 28, 2023) ........................................................... 9

*N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*,
   142 S. Ct. 2111 (2022) ......................................................................... 11, 12, 15

*Natural Res. Def. Council, Inc. v. S.W. Marine, Inc.*,
   242 F.3d 1163 (9th Cir. 2001) ..................................................................... 10

*Navajo Nation v. Confed. Tribes & Bands of the Yakama Indian Nation*,
   331 F.3d 535 (C.D. Cal. 2021) ...................................................................... 7

3

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

*Nken v. Holder*,
  556 U.S. 418 (2009)........................................................................ 10, 18

*Renna v. Bonta*,
  2023 WL 2846937 (S.D. Cal. April 3, 2023) ........................................ 12

*Rodriguez v. Robbins*,
  715 F.3d 1127 (9th Cir. 2013) ................................................................ 16

*Senza-Gel Corp. v. Seiffhart*,
  803 F.2d 661 (Fed. Cir. 1986) ................................................................... 7

*Silvester v. Harris*,
  No. 11-cv-2137, 2014 WL 6611592 (E.D. Cal. Nov. 20, 2014).......... 15, 16

*Straw v. Avvo, Inc.*,
  2021 WL 4592382 (W.D. Wash. Oct. 6, 2021)...................................... 10

*Teixeira v. Cnty. of Alameda*,
  873 F.3d 670 (9th Cir. 2017) ................................................................... 12

*Tribal Vill. of Akutan v. Hodel*,
  859 F.2d 662 (9th Cir. 1988) ................................................................... 11

*Valle del Sol Inc. v. Whiting*,
  732 F.3d 1006 (9th Cir. 2013) ................................................................. 16

**Statutes**

Cal. Penal Code § 26805 ......................................................................... 17

Cal. Penal Code § 26815 ......................................................................... 17

Cal. Penal Code § 27573 ........................................................................... 6

Cal. Penal Code § 27575 ........................................................................... 6

Cal. Penal Code § 30312 ......................................................................... 17

Cal. Penal Code § 30352 ......................................................................... 17

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

Cal. Penal Code § 30370 ................................................................................ 17

**Other Authorities**

Assembly Bill 893 ........................................................................................ 14

Senate Bill 264 ............................................................................................. 14

U.S. Const., amend. I ................................................................................ 6, 15

U.S. Const., amend. II ........................................................................... passim

**Rules**

C.D. Cal. Local R. 7-18 ................................................................................. 7

Fed. R. App. P. 8 ............................................................................................ 9

Fed. R. Civ. Proc. 59 ..................................................................................... 7

Fed. R. Civ. Proc. 60 ..................................................................................... 7

Fed. R. Civ. Proc. 62 ................................................................................ 7, 10

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

**INTRODUCTION**

On October 30, 2023, this Court enjoined enforcement of California Penal Code sections 27573 and 27575 as violative of both the First Amendment and the Second Amendment of the United States Constitution. Since then, and relying on the Court's order, Plaintiff B&L Productions, Inc., has been working with Defendant 32nd District Agricultural Association ("the District") to reserve dates to hold gun show events at the Orange County Fair & Event Center ("the Fairgrounds"). In light of that fact, the State moved for reconsideration of the denial of its oral request to stay this Court's order while the parties litigate the State's anticipated appeal.

Central District Local Rule 7-18 allows the district court to reconsider the decision of any previous order in the unusual circumstance that it "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 342 F.3d 934, 945 (9th Cir. 1999). The State's motion establishes none of the factors that would warrant such extraordinary relief. On the contrary, it appears that a primary reason for bringing this motion is that the parties are complying with this Court's order to reserve event dates without delay. This is not the sort of "new material fact" that justifies disturbing the Court's decision.

Relatedly, the State presents—for the first time—an argument for why a stay pending appeal should issue. It could have developed this argument in a formal motion (or at least as part of its opposition to Plaintiffs' motion for preliminary injunction), but it failed to raise this new argument until the preliminary injunction hearing. And even then, the State made only an informal, oral request. It made no argument that a stay would be appropriate. Hr'g Tr. 72:15-16. The State's failure to provide the Court with the legal and factual justification for its request is not good grounds for reconsideration. Indeed, a motion for reconsideration is not "a chance for a second bite, and … a grant of such a motion not based on newly found, previously unknown facts, would enable the movant to 'sandbag' an adversary."

1    *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 664 (Fed. Cir. 1986).

2        Even if the State did have grounds for reconsideration, it has not shown that it

3 is entitled to a stay of this Court's order pending appeal. Federal Rule of Civil

4 Procedure 62 authorizes a court to stay an injunction pending appeal if the movant

5 establishes that the factors typically applied to a preliminary injunction motion

6 warrant a stay. The State did not persuade this Court to deny the motion for a

7 preliminary injunction in the first instance, and it cannot meet its burden to establish

8 that this extraordinary relief is warranted upon reconsideration.

9        The Court should deny this motion.

10                               **ARGUMENT**

11 **I.**    **THE STATE DOES NOT MEET THE REQUIREMENTS FOR RECONSIDERATION**

12        Local Rule 7-18 provides that courts may reconsider the decision of any

13 motion only if there is:

14          (a) a material difference in fact or law from that presented to the
Court that, in the exercise of reasonable diligence, could not have

15          been known to the party moving for reconsideration at the time the
Order was entered, or (b) the emergence of new material facts or a

16          change of law occurring after the Order was entered, or (c) a
manifest showing of a failure to consider material facts presented to

17          the Court before the Order was entered.[1]

18 While the court has considerable discretion to reconsider its orders, *see Navajo*

19 *Nation v. Confed. Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 535, 539

20 (C.D. Cal. 2021), it "is an 'extraordinary remedy, to be used sparingly in the

21 interests of finality and conservation of judicial resources.'" *Feltzs*, 562 F. Supp. 3d

22 at 539 (quoting *Am. Unites for Kids v. Lyon*, 2015 WL 5822578, at *3 (C.D. Cal.

23 Sept. 30, 2015) (citation omitted)). For that reason, "a motion for reconsideration

24 should not be granted absent *highly unusual circumstances*." *389 Orange St.*, 342

25 F.3d at 945 (emphasis added). The State's motion presents nothing that to establish

26

27                      [1] "Courts in this district have interpreted Local Rule 7-18 to be coextensive

28 with Rules 59(e) and 60(b)" of the Federal Rules of Civil Procedure. *Feltzs v. Cox Commc'ns Cal., LLC.*, 562 F. Supp. 3d 535, 539 (C.D. Cal. 2021).

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

1    those circumstances.

2         1.  In support of its motion, the State first claims that new material facts merit

3    reconsideration: that B&L has been "coordinating with the 32nd District

4    Agricultural Association to reserve January 20-22, 2024, and March 30-31, 2024,

5    for gun shows at the Orange County Fairgrounds." Mot. 2 (citing Richards Decl., ¶¶

6    4-5). But the fact that B&L and the District are complying with this Court's order to

7    secure dates for events in 2024 is only a "new fact" because it is taking place after

8    publication of the order. But it is not the kind of new fact that establishes grounds

9    for reconsideration. After all, Plaintiffs expressly moved for a preliminary injunction

10   so that B&L could immediately reserve dates for and hold gun shows at the

11   Fairgrounds. Pls.' Mot. Prelim. Inj. 2.[2] And the purpose of the State's oral request

12   for a stay was to prevent B&L from holding a gun show should a preliminary

13   injunction issue. *See* Mot. 8-9 (arguing that allowing the shows (and the sales of

14   firearms and ammunition at those shows) to resume pending appeal would cause the

15   State irreparable harm). In other words, the State's motion for reconsideration

16   simply asks this Court for a "second bite" at the request it already made in opposing

17   Plaintiffs' motion for preliminary injunction.

18        What's more, this Court expected that the District would work with B&L to

19   reserve dates as soon as possible, considering that is precisely what it ordered the

20   District to do. Order Granting Pls' Mot. Prelim. Inj. [ECF No. 21] ("Order") 31. The

21   State essentially argues that compliance with this Court's order is a "new material

22   fact" that warrants reconsideration. But litigants complying with court orders is part

23   of the regular course of adjudication; it is not a "highly unusual circumstance" that

24   needs correcting via reconsideration. *See 389 Orange St.*, 342 F.3d at 945. If the

---

26   [2] Specifically, "Plaintiffs ask[ed] this Court to order Defendant 32nd District
27   Agricultural Association, upon request by Plaintiff B&L Productions, to make
     available the next available date for a gun show and allow Crossroads to reserve
28   dates for gun show events (and to hold such events) at the Fairgrounds as the
     District would any other event promoters who have previously held events at the
     Fairgrounds." Pls.' Mot. Prelim. Inj. 2.

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

1  State is unhappy with this Court's ruling, its remedy is to appeal and seek relief from

2  the Ninth Circuit.

3        Likely expecting that response, the State argues that the Ninth Circuit could

4  not *resolve* its appeal before the first gun show (tentatively) scheduled for the

5  weekend of January 20, 2024. Mot. 4. The State's seems to argue that the ability to

6  accommodate B&L's request for a January date—instead of some later date—is a

7  "new material fact" because this Court did not anticipate that B&L could resume its

8  shows before the Ninth Circuit could weigh in. Indeed, the State leans on this

9  Court's casual observation that "it is unlikely that any gun sales will take place at

10 the … Fairgrounds before Defendants have appealed the preliminary injunction."

11 Mot. 4 (quoting Order 30).

12       But the fact that a show might take place as soon as January changes nothing.

13 The Court's order does not appear to contemplate that the circuit court would *fully*

14 *resolve* the appeal before gun shows resume, only that the State would *file* an appeal.

15 From there, the State may request an emergency stay from the Ninth Circuit. Fed. R.

16 App. P. 8. And given that any January gun show would take place *three months* after

17 this Court issued its order, the State would have plenty of time to make (and receive

18 a ruling on) such a request. That is, if the State had promptly appealed and sought

19 emergency relief as it regularly does in other Second Amendment cases. *See, e.g.*,

20 *Duncan v. Bonta*, 83 F.4th 803, 805 (9th Cir. 2023) (staying permanent injunction of

21 California's "large-capacity magazine" ban pending appeal about two weeks after it

22 was issued); Order, *Miller v. Bonta*, No. 23-2979 (9th Cir. Oct. 28, 2023) (staying

23 permanent injunction of California's "assault weapon" ban pending appeal about

24 nine days after it was issued).

25       2.  Finally, though it is styled as a motion for reconsideration, the State's

26 motion appears more like an original motion for stay pending appeal. Indeed, none

27 of the State's arguments for why it has a right to stay are new. They reasonably

28 could have been advanced before this Court's ruling had the State exercised

9

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

"reasonable diligence." Instead, the State chose to make only an informal oral motion at the hearing on Plaintiff's motion for preliminary injunction and provided the Court with no legal or factual argument supporting its request. Hr'g Tr. 72:15-16. This motion for reconsideration is thus already doomed "because, to the extent [the State] presented new arguments, [the State] provided no reason that [it] could not have earlier brought [its] new arguments before the Court." *Straw v. Avvo, Inc.*, 2021 WL 4592382, at *1 (W.D. Wash. Oct. 6, 2021). In the Rule 59(e) context, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). This belated Local Rule 17-8 effort should be turned away for the same reasons.

## II. THE STATE IS NOT ENTITLED TO A STAY OF THE PRELIMINARY INJUNCTION PENDING APPEAL

Federal Rule of Civil Procedure 62(d) allows a district court to suspend, modify, restore, or grant an interlocutory order for injunction during appeal in limited circumstances. Fed. R. Civ. P. 62(d); *Natural Res. Def. Council, Inc. v. S.W. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). "A stay is not a matter of right, even if irreparable injury might otherwise result"; rather, a stay is "an exercise of judicial discretion" and the "propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

In determining whether to issue a stay pending, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. The first two factors "are the most critical." *Id.* As for the first factor, the Ninth Circuit

10

1  has characterized a "strong showing" in various ways, including "reasonable
2  probability," "fair prospect," "substantial case on the merits," and "serious legal
3  questions . . . raised." *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011).
4  But when an applicant relies on "serious legal questions," it must establish
5  irreparable harm and that the balance of harms tips *sharply* in its favor. *See id.* at
6  966; *Tribal Vill. of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988).

### A.      The State Has Not Shown a Strong Likelihood of Success

8      1.  The State has not shown a "strong likelihood" that it will succeed in its
9  attempt to overturn this Court's decision on either, let alone both, of Plaintiffs'
10  constitutional claims. For all the reasons explained in this Court's preliminary
11  injunction order, "Plaintiffs—not Defendants—have shown a likelihood of success
12  on the merits of Plaintiffs' constitutional claims." Order 30. Simply put, the Court
13  correctly decided this case. Its 31-page, single-spaced order comprehensively and
14  thoughtfully analyzes the critical constitutional issues this case presents. And it
15  relies on a faithful application of the principles set forth in leading Supreme Court
16  and Ninth Circuit authorities governing First and Second Amendment challenges.

17      For instance, having engaged in a straightforward application of the history-
18  and-tradition test clarified by the Supreme Court in *Bruen*, this Court rightly held
19  that California's ban on firearm and ammunition sales at the Fairgrounds likely
20  violates the Second Amendment. Order 20-27; *see N.Y. State Rifle & Pistol Ass'n,*
21  *Inc. v. Bruen,* 142 S. Ct. 2111, 2131 (2022). First, the Court held that the ban
22  "sufficiently implicates[s] individual rights under the Second Amendment." Order
23  24. That is because the Second Amendment, which protects the right to keep and
24  bear arms for self-defense, "must protect the attendant rights of gun ownership that
25  make keeping and bearing arms meaningful," like the right to buy lawful firearms
26  and ammunition.  Order 22. That conclusion is amply supported by binding Ninth

27

28

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

Circuit precedent, as well as the persuasive authorities of sister districts.[3] And it can hardly be argued that a ban on sales does not, at the very least, *implicate* the Second Amendment right to acquire lawful firearms and ammunition—even if sales might be conducted elsewhere. Because that is so, the Court rightly held the State to its burden "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." Order 24 (quoting *Bruen*, 142 S. Ct. at 2127).

The State's motion merely recycles the same arguments this Court has already heard and rejected. Mot. 5-8. In support of its claim that the Challenged Statutes pass First Amendment muster, for instance, the State tries desperately to link gun shows and gun crime. Mot. 6. This time, however, the State cites AB 893 and two "reports" prepared by the California Department of Justice for the years 2021 and 2022. *Id.* (citing Defs.' Req. Jud. Ntc., Ex. A at 53, Ex. B at 56, Ex. C at 1). But even if the State could plausibly argue that it only discovered (its own) records after the Court decided the motion, it has not shown that it could not have discovered them earlier "through the exercise of reasonable diligence" or "that the new evidence is of such magnitude that it would likely have changed the outcome of the case." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 998 (9th Cir. 2001); *Alvarado v. Hartford Life & Accident Ins.,* No. CV 11-00176, 2012 WL 12548145, at *3 (C.D. Cal. Jan. 31, 2012).

---

[3] Order 22 (citing *District of Columbia v. Heller*, 554 U.S. 570, 629 (2008) (striking down a ban on handguns, even though the statute at issue permitted the ownership of other types of firearms); *Jackson v. City & Cnty. of San Francisco*, 746 F.3d 953, 697 (9th Cir. 2014) (extending Second Amendment rights to the purchase of ammunition, because "without bullets, the right to bear arms would be meaningless"); *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 677 (9th Cir. 2017) (en banc) ("[T]he core Second Amendment right to keep and bear arms for self-defense 'wouldn't mean much' without the ability to acquire arms.") (citing *Heller*, 554 U.S. at 617-18); *Boland v. Bonta*, 2023 WL 2588565, at *4 (C.D. Cal. Mar. 20, 2023) (granting a preliminary injunction against a California law preventing plaintiffs from "purchas[ing] state-of-the-art handguns for self-defense" because the restriction infringed Second Amendment rights); *Renna v. Bonta*, 2023 WL 2846937 (S.D. Cal. April 3, 2023) (also enjoining California laws imposing onerous safety regulations on the sale of new handgun models)).

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

Both AB 893 and the DOJ reports could have been submitted as part of the State's opposition to Plaintiffs' motion for preliminary injunction. Indeed, Plaintiffs put the State on notice of the Legislature's lack of evidence for its "vague claims" that illegal sales to prohibited persons and other crimes happen at California gun shows. Pls. Mem. Supp. Mot. Prelim. Inj. ("MPI") 16; Pls. Reply Mem. Supp. Mot. Prelim. Inj. ("MPI Reply") 5-6. AB 893 was adopted nearly three years before this case was even filed. *Id.*, Ex. C (approved October 2019). The 2021 report was released almost a year before the State filed its last brief. *Id.*, Ex. A (published Mar. 30, 2022). And the 2022 report was released three days before the hearing and six months before the Court ruled. *Id.*, Ex. B (published April 3, 2023). Yet the State chose not to submit any of this "evidence" till now, making a motion for reconsideration improper. *Davidson v. City of Culver City*, No. CV 04-2220, 2004 WL 5361891, at *1 (C.D. Cal. Sept. 20, 2004), *aff'd sub nom.*, *Davidson v. Culver City*, 159 F. App'x 756 (9th Cir. 2005).[4]

More importantly, the Court has already rejected the State's claim that "the evidentiary record establishes that the gun-show setting uniquely lends itself to illegal transactions." *Compare* Mot. 6, *with* Order 30. And the State's new evidence is not "of such magnitude that it would likely have changed th[at] outcome." *Far Out Prods.*, 247 F.3d at 998. The *two* incidents purportedly related to gun shows in 2021 and 2022 are not substantively different from the incidents cited in the

---

[4] Further, introduction of the DOJ reports violates the Federal Rules of Evidence. While this Court may take judicial notice that California publishes such reports, that is not a blank check to accept proffered evidence that lacks foundation, has not been authenticated, lacks relevance, is more like undisclosed expert testimony, and in the final analysis is rank hearsay. Pls.' Obj. Re: Defs.' Req. Jud. Ntc. 1-4. Space and time constraints do not permit Plaintiffs to catalogue the myriad ways the information in these reports can be impeached. But it does raise significant questions. Were these "crimes" committed at gun shows, or was probable cause merely developed? Were these "crimes" a violation of federal law, state law, or both? Were the events B&L gun shows? Were they held at state-owned properties or private venues? Were the event promoters cited or charged with violating any law? Did the arrests result in any convictions or were the charges dropped? Are these "crimes" from 2021 and 2022 still crimes in a post-*Bruen* legal landscape?

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

legislative history of SB 264 and discussed in Plaintiffs' briefing.[5] Like SB 264's findings, the "new" DOJ reports "do not identify any specific harms at the Orange County Fairgrounds, *nor do they indicate that gun shows present any **particular** risk that exceeds those of lawful gun sales accomplished at brick-and-mortar stores*." Order 18 (double emphasis added). To the contrary, "in California, where both gun shows themselves and gun commerce generally are regulated, sales at gun shows are not a risk factor among licensed retailers for disproportionate sales of crime guns." Barvir Decl. Supp. Mot. Prelim. Inj., Ex. 33 at 33 (cited by Order 16).

Even less helpful are AB 893's allegations that 14 crimes were recorded during B&L events held at the Del Mar Fairgrounds between 2013 and 2017. Mot. 6 (citing Defs.' Req. Jud. Ntc. Ex. C at 1). Even if the State presented proof of these crimes, AB 893 makes no attempt to compare this to the number of crimes recorded at other similarly sized events at the venue during that period. Nor does it distinguish between the type of crimes this bill purports to target (e.g., illegal transfers, straw purchases, sales of illegal firearms or accessories) and run-of-the-mill crimes likely to occur whenever thousands of people descend on one venue (e.g., petty thefts, traffic violations, public drunkenness, simple assault).

As for the Second Amendment, the State argues (again) that the gun show ban is constitutional because people can still buy guns from gun stores. Mot. 8. This Court already (rightly) rejected that premise when it held that, assuming *Texeira* is still good law, even if "plenty of brick-and-mortar gun stores exist throughout both California and Orange County that sell firearms and ammunition, [the State] fail[s]

---

[5] *Compare* Mot. 6 (citing Defs.' Req. Jud. Ntc., Ex. A at 53, Ex. B at 56), *with* MPI 16 (citing Pls. Req. Jud. Ntc., Ex. 9 at 47) (explaining that the "legislature made no effort to show that such incidents are common or unique to gun shows in California—where gun shows are regulated at least as heavily as retailers operating out of brick-and-mortar stores"); MPI Reply 5-6 (explaining that legislative findings that a handful of crimes have occurred at gun shows have never been corroborated by evidence and, in any event, does not establish that crimes are more likely to occur at gun shows on *public* property than at gun stores or gun shows held on *private* property).

14

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

1    to identify how the general experience of Plaintiffs' gun shows can be replicated by

2    alternative forums in the area." Order 23-24.

3          Moreover, arguing that "Plaintiffs can readily purchase firearms and

4    ammunition at hundreds of brick-and-mortar stores near the Fairgrounds," Mot. 8,

5    the State essentially argues that the *burden* on Plaintiffs is light relative to the State's

6    supposed *interest* in banning gun shows. That is no more than a barely veiled

7    attempt to revive the sort of judge-empowering, interest-balancing that *Bruen*

8    expressly rejected. *Bruen*, 142 S. Ct. at 2131. The State cannot credibly argue that it

9    is exceedingly likely to prevail on appeal where it would require the reviewing court

10   to stray from this binding Supreme Court precedent, even if other circuit courts have

11   done so. This Court faithfully carried out its duty, as must the Ninth Circuit, "to

12   apply [the principles] announced by *Heller* [and its progeny] to the challenged

13   provisions…." *Heller v. District of Columbia* (*Heller II*), 670 F.3d 1244, 1285 (D.C.

14   Cir. 2011) (Kavanaugh, J., dissenting) (rejecting majority's decision to uphold

15   blanket ban on common semi-automatic rifles and magazines).

16         In sum, the State has failed to prove a strong likelihood of successfully

17   overturning this Court's decision that the Challenged Statutes are likely

18   unconstitutional under *both* the First and Second Amendments.

19         2.  Alternatively, the State argues that a stay may be warranted because this

20   case raises serious legal questions that have not yet been resolved by the Ninth

21   Circuit. Mot. 5-8. "Serious questions are substantial, difficult and doubtful, as to

22   make them a fair ground for litigation and thus for more deliberative investigation."

23   *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991). Concededly, the legal

24   questions at the heart of this matter are "serious." *Silvester v. Harris*, No. 11-cv-

25   2137, 2014 WL 661592, at *3 (Nov. 20, 2014) (recognizing that a case challenging

26   California's 10-day waiting period for gun purchases raised serious questions

27   because "Second Amendment law is evolving"). But this is true of many appeals,

28   especially those involving constitutional challenges, like this one. Thus, cases that

1  raise important questions rarely warrant a stay of injunctive relief unless the moving

2  party also establishes that the remaining factors all counsel in favor of a stay. In such

3  cases, the State must prove that it "will suffer irreparable harm" without the stay and

4  that the balance of the hardships "tips *sharply* in their favor." *Se. Alaska Conserv.*

5  *Council v. U.S. Army Corps of Eng'rs.*, 472 F.3d 1097, 1100 (9th Cir. 2006)

6  (emphasis added). As explained below, the State has failed to meet this burden.

7        **B.**      **The State Has Not Shown That It Will Suffer Irreparable Harm**

8        The factor of irreparable harm is a "bedrock requirement" for issuance of a

9  stay. *Leiva-Perez*, 640 F.3d at 965. Indeed, because the State must rely on the

10  "serious legal questions" this case presents to satisfy the first factor for a stay, the

11  State bears a *heavy* burden to show that it "will suffer irreparable" harm if a stay

12  does not issue. *Se. Alaska*, 472 F.3d at 1100. But the State has not shown that it will

13  be irreparably harmed in any way simply by returning to the status quo that was in

14  place for three decades before the Challenged Statues took effect, let alone that the

15  balance of harms tips "sharply" in its favor. *Leiva-Perez*, 640 F.3d at 966. Indeed,

16  after rehashing its losing merits arguments for pages, the State devotes just one

17  paragraph to why the equities, including irreparable harm, favor a stay. Mot. 9.

18        First, a party "cannot suffer harm from an injunction that merely ends an

19  unlawful practice or reads a statute as required to avoid constitutional concerns."

20  *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013); *see Valle del Sol Inc. v.*

21  *Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be

22  equitable … to allow the state ... to violate the requirements of federal law.")

23  (citations omitted). Even so, the State makes a passing reference to "the public harm

24  inherent in suspension of validly enacted statutes." Mot. 9. But even "to the extent a

25  state suffers an abstract form of harm whenever one of its acts is enjoined, that harm

26  is not dispositive because such a rule would eviscerate the balancing of competing

27  claims of injury." *Silvester v. Harris*, No. 11-cv-2137, 2014 WL 6611592, at *3

28  (E.D. Cal. Nov. 20, 2014) (discussing *Indep. Living Ctr. of S. Cal. v. Maxwell-Jolly*,

16

1 | 572 F.3d 644, 658 (9th Cir. 2009)).

2 |       Second, the State weakly argues that it will be irreparably harmed if
3 | Californians resume purchasing firearms and ammunition at gun shows on public
4 | property because the Challenged Statutes prevent "illegal firearms-related sales at
5 | gun shows." Mot. 9. Relying again on the late-presented reports, the State's
6 | argument is uncompelling. *Id.* (citing Defs.' Req. Jud. Ntc., Ex. A at 53, Ex. B at
7 | 56). The "evidence" proves, at most, that California's gun-show-regulation regime
8 | has helped law enforcement ferret out two incidents of criminal behavior at gun
9 | shows. It does not prove that such incidents are *more likely* to occur at gun shows on
10 | public property than at gun stores or gun shows on private property, or that banning
11 | *lawful* firearm sales would directly prevent *illegal* sales. Even if it did, "California's
12 | interest in stopping crimes committed with illegal weapons, 'as important as it is,
13 | cannot justify' prohibiting the complete sale of lawful firearms at gun shows," Order
14 | 15 (quoting *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447
15 | U.S. 557, 566 (1980)), "especially when those same firearms are available for
16 | purchase at regular gun stores," *id.* (citing Cal. Penal Code § 26805).

17 |       The State also mentions that there is no waiting period for ammunition
18 | purchases, so attendees may buy ammunition on site. Mot. 9 (citing Cal. Penal Code
19 | §§ 26815, 30370). True enough, but ammunition sales at gun shows are still subject
20 | to background checks and countless other regulations. That process is the same no
21 | matter whether the sale takes place at a gun show or at a brick-and-mortar store. Cal.
22 | Penal Code §§ 30312, 30352, 30370. The State provides *no* evidence that illegal
23 | ammunition sales take place at gun shows or that background checks are any less
24 | effective at stopping unlawful transactions at gun shows on public property than
25 | they are at gun stores. That is partly why the Court was right to hold that there is no
26 | "appreciably higher risk of illegal gun sales occurring at gun shows than there is at
27 | brick-and-mortar stores in California." Order 30.

28 |       The State thus cannot show that irreparable harm will result if the Court does

17

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

1   not stay its injunction pending appeal. On the contrary, as discussed below, it is

2   Plaintiffs who will suffer irreparable harm.

3          **C.**    **The Balance of Equities and Public Interest Do Not Favor a Stay**

4         When the government is a party, the last two factors—the balance of equities

5   and the public interest—merge. *Nken*, 556 U.S. at 435. The Court's inquiry thus

6   weighs the interests of Plaintiffs, the government, and the public, balancing the

7   relative harms to each should preliminary relief be granted or denied. The Ninth

8   Circuit has long held that when challenging government action that affects the

9   exercise of constitutional rights—especially First Amendment freedoms—"[t]he

10   balance of equities and the public interest … tip sharply in favor of enjoining the"

11   law. *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009). For "[i]t is

12   *always* in the public interest to prevent the violation of a party's constitutional

13   rights. *Index Newsps. LLC v. U.S. Marshalls Serv.*, 977 F.3d 817 (9th Cir. 2020)

14   (emphasis added). Indeed, there is a "'significant public interest' in upholding free

15   speech principles, as the 'ongoing enforcement of the potentially unconstitutional

16   [law] … would infringe not only the free expression interests of plaintiffs, but also

17   the interests of other people' subjected to the same restrictions." *Id.* (citation

18   omitted). On the other hand, "the public interest is not harmed by preliminarily

19   enjoining … a law that is probably unconstitutional." *Am. Civ. Libs. Union v.*

20   *Alvarez*, 679 F.3d 583, 590 (7th Cir. 2012).

21         Enjoining the enforcement of the Challenged Statutes will end the irreparable

22   harm Plaintiffs are now suffering, including the violation of their rights under the

23   First and Second. But not only Plaintiffs' rights are at stake, so too are the rights of

24   all people seeking to engage in protected expression barred by the State's gun show

25   ban, as well as those who seek to hear the messages the state has banished. What's

26   more, Plaintiffs cannot really even insist that the State post a bond to cover lost

27   profits and any event costs incurred since the Court ordered the District to work with

28   B&L to reserve dates. Money damages are not an adequate remedy at law when

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

1  fundamental rights are being violated.

2        In short, Plaintiffs' interests far outweigh any abstract interest the State

3  generally has in enforcing its legislative enactments or its speculative interest in

4  promoting public safety through the enforcement of the Challenged Statutes. To be

5  sure, the State may have a public safety interest in preventing "illegal firearm sales."

6  But enforcement of the Challenged Statutes does not serve those interests in any

7  meaningful way, as this Court has already held. Order 14-16, 18.

8                              **CONCLUSION**

9        Based on the above, the State's motion for reconsideration appears to be an

10  unserious effort to delay the appeal of this case so that the appeal of a ruling the

11  State prefers can be heard first without the Ninth Circuit having the benefit of this

12  Court's thorough consideration of these issues. *See B&L Productions, Inc. v.*

13  *Newsom*, 2023 WL 3443280 (S.D. Cal. Mar. 14, 2023) (notice of appeal filed May

14  11, 2023). Though such conduct is sanctionable, Plaintiffs do not request sanctions,

15  but they do ask this Court to deny the State's motion for the reasons stated in this

16  opposition.

17  Dated:  November 22, 2023            **MICHEL & ASSOCIATES, P.C.**

18                                       */s/ Anna M. Barvir*
                                         Anna M. Barvir
19                                       Counsel for Plaintiffs B&L Productions, Inc.,
                                         California Rifle & Pistol Association,
20                                       Incorporated, Gerald Clark, Eric Johnson, Chad
                                         Littrell, Jan Steven Merson, Asian Pacific
21                                       American Gun Owner Association, Second
                                         Amendment Law Center, Inc.
22

23  Dated:  November 22, 2023            **LAW OFFICES OF DONALD KILMER, APC**

24                                       */s/ Donald Kilmer*
                                         Donald Kilmer
25                                       Counsel for Plaintiff Second Amendment
                                         Foundation
26

27

28

                                           19

**ATTESTATION OF E-FILED SIGNATURES**

I, Anna M. Barvir, am the ECF User whose ID and password are being used to file this PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION FOR RECONSIDERATION OF STAY OF INJUNCTION PENDING APPEAL. In compliance with Central District of California L.R. 5-4.3.4, I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

Dated: November 22, 2023           */s/ Anna M. Barvir*
                                    Anna M. Barvir


**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief is less than 25 pages, which complies with the page limit set by the court's standing order dated August 17, 2022.

Dated: November 22, 2023           */s/ Anna M. Barvir*
                                    Anna M. Barvir

OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

1
2

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

3
4

Case Name: *B & L Productions, Inc., et al. v. Newsom, et al.*
Case No.: 8:22-cv-01518 JWH (JDEx)

5

IT IS HEREBY CERTIFIED THAT:

6
7
8

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

9

I am not a party to the above-entitled action. I have caused service of:

10

**PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION FOR RECONSIDERATION OF STAY OF INJUNCTION PENDING APPEAL**

11
12

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

13
14
15
16

Nicole J. Kau, Deputy Attorney General
nicole.kau@doj.ca.gov
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
       *Attorney for Defendants*

17

I declare under penalty of perjury that the foregoing is true and correct.

18

Executed November 22, 2023.

19
20

Laura Palmerin

21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE