ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
CHARLES J. SAROSY
Deputy Attorney General
NICOLE J. KAU
Deputy Attorney General
State Bar No. 292026
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6220
  Fax:  (916) 731-2125
  E-mail:  Nicole.Kau@doj.ca.gov
*Attorneys for Defendants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary Karen Ross, and 32nd District Agricultural Association*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **B&L PRODUCTIONS, INC., d/b/a CROSSROADS OF THE WEST, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 8:22-cv-01518 JWH (JDEx)<br><br>**STATE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF STAY OF INJUNCTION PENDING APPEAL**<br><br>Date: December 15, 2023<br>Time: 9:00 a.m.<br>Courtroom: 9D<br>Judge: The Honorable John W. Holcomb<br>Action Filed: August 12, 2022 |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................... 1
ARGUMENT ............................................................................................................ 1
    I.    The Scheduling of Gun Shows in Early 2024 Is a "New Material Fact" Supporting Reconsideration ......................................................... 1
    II.    A Stay Pending Appeal is Warranted ....................................................... 3
        A.    Plaintiffs Concede that Serious Legal Questions Exist .............. 3
        B.    The Balance of Equities Favor a Stay ......................................... 4
Conclusion ............................................................................................................... 7
CERTIFICATE OF COMPLIANCE ....................................................................... 8

# TABLE OF AUTHORITIES

Page

**CASES**

*Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*
547 F.3d 962 (9th Cir. 2008) ................................................................................ 6

*Feltz v. Cox Commc'n's Cal., LLC*
562 F. Supp. 3d 535 (C.D. Cal. 2021) .................................................................. 3

*Lair v. Bullock*
697 F.3d 1200 (9th Cir. 2012) ........................................................................... 3, 4

*New York State Rifle & Pistol Association, Inc. v. Bruen*
142 S. Ct. 2111 (2022) ......................................................................................... 4

*Nordyke v. King*
644 F.3d 776 (9th Cir. 2011) ................................................................................ 6

*Nordyke v. King*
681 F.3d 1041 (9th Cir. 2012) .............................................................................. 6

**STATUTES**

Cal. Code Regs., Title 11
§§ 4282–4285 ....................................................................................................... 5

Cal. Penal Code
§ 30012 ............................................................................................................. 5, 6
§ 30370 ................................................................................................................. 5

**CONSTITUTIONAL PROVISIONS**

First Amendment ............................................................................................... 4, 6

Second Amendment ........................................................................................... 2, 4

**COURT RULES**

Federal Rule of Evidence 201 ................................................................................ 6

Local Rule 7-18 ................................................................................................. 1, 3

# INTRODUCTION

The Court's denial of the State Defendants' previous request to stay its injunction pending appeal relied in part on an allegation in the operative complaint that has since been proven incorrect. It is no longer "unlikely that any gun sales will take place at the Orange County Fairgrounds before Defendants have appealed the preliminary injunction." Prelim. Inj. Order (Order), ECF No. 43 at 30 (citing Am. Compl., ECF 19, ¶ 90). Since this Court's Order, Plaintiff B&L Productions (B&L) has scheduled three gun shows with firearm and ammunition sales at the Orange County Fairgrounds in January, March, and November 2024. Plaintiffs do not dispute this development but merely assert that it "changes nothing." Opp'n to Reconsideration Mot. (Opp'n), ECF No. 50 at 9.

On the contrary, because this "emergence of new material facts" changes the calculus for a stay pending appeal, the State Defendants' request should be reconsidered under Local Rule 7-18. The State Defendants have appealed this Court's Order (ECF No. 51), but the appellate briefing will not be completed until February 2024. And the pending appeal of a similar statute with similar constitutional claims will not be resolved before March or April 2024, when the oral argument in that case is currently expected to occur. Because this case presents serious legal questions—as Plaintiffs concede—and the imminent sale of firearms and ammunition on state property will inflict irreparable harm, reconsideration of the court's determination on the stay request is warranted.

# ARGUMENT

## I. THE SCHEDULING OF GUN SHOWS IN EARLY 2024 IS A "NEW MATERIAL FACT" SUPPORTING RECONSIDERATION

The State Defendants meet the "new material facts" basis for reconsideration under Local Rule 7-18. Under this prong, a motion for reconsideration can be based upon "the emergence of new material facts . . . occurring after the Order was entered." C.D. Cal. L.R. 7-18.

1

*Before this Court's Order*, B&L had not reserved dates in 2024 for gun shows at the Orange County Fairgrounds (Fairgrounds). Indeed, B&L had not contacted the 32nd District Agricultural Association (District) about reserving dates since December 3, 2021, even though the District was prepared to coordinate with B&L in doing so as long as the gun shows complied with SB 264 and SB 915. J. Olvera Decl., ECF No. 22-1, ¶¶ 9–10. But *after this Court's Order*, B&L immediately contacted the District and scheduled three weekends in 2024 for gun shows at the Fairgrounds: January 20–22, 2024, March 30–31, 2024 and November 29-December 1, 2024.[1] M. Richards Decl., ECF No. 45-2, ¶ 5. In other words, two gun shows with firearm and ammunition sales are scheduled to occur at the Fairgrounds before the Ninth Circuit has an opportunity to resolve two relevant appeals: the appeal of this Court's Order (*see* ECF No. 51), and B&L's appeal of an order dismissing its complaint raising similar First and Second Amendment claims against a prohibition on firearm and ammunition sales at the Del Mar Fairgrounds in San Diego, *see B&L Productions, Inc., et al. v. Newsom, et al.*, 9th Cir. No. 23-55431.

Plaintiffs do not dispute this development nor do they dispute that these are "new" facts. Opp'n at 8. Plaintiffs instead argue the new facts are not "material" because they are the result of the parties complying with the Court's order. Opp'n at 8–9.

But this position ignores one of the Court's bases for denying the stay of the injunction pending appeal. When explaining its reasoning for why the State Defendants had failed to show irreparable injury, this Court assumed that "given that Plaintiffs aver [in paragraph 90 of the operative complaint] that the 32nd DAA will negotiate event dates only for the following calendar year, it is unlikely that any gun sales will take place at the Orange County Fairgrounds before Defendants

---

[1] B&L contacted the District the same day the Court issued its Order, October 30, 2023. M. Richards Decl., ECF No. 45-2, ¶ 4.

have appealed the preliminary injunction." Order at 30. This was more than a "casual observation," as Plaintiffs suggest. Opp'n at 9. Instead, this reasoning, which relied on an allegation in the operative complaint, was a key basis for denying the stay. Because the factual premise underlying this Court's denial of a stay is no longer true, these new facts are plainly "material."

Accordingly, it is within this Court's discretion under Local Rule 7-18 to reconsider its denial of a stay of the injunction pending appeal. *See Feltz v. Cox Commc'n's Cal., LLC*, 562 F. Supp. 3d 535, 539–41 (C.D. Cal. 2021) (granting a motion for reconsideration under Local Rule 7-18).[2]

## II. A STAY PENDING APPEAL IS WARRANTED

### A. Plaintiffs Concede that Serious Legal Questions Exist

This Court previously denied the request for a stay in part because it concluded that the State Defendants failed to show "a likelihood of success on the merits of Plaintiffs' constitutional claims." Order at 30. But as explained in the Motion (ECF No. 45 at 5), such a showing is not required (even though State Defendants have met it). *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) ("The [stay] standard does not require the petitioners to show that 'it is more likely than not that they will win on the merits.'"). Rather, it is sufficient to demonstrate that "serious legal questions" exist or that there is a "substantial case on the merits." *Id.* (noting that these two formulations "are largely interchangeable" with other formulations used by the Ninth Circuit, including "reasonable probability" and "fair prospect").

Plaintiffs concede that this standard is met because "the legal questions at the heart of this matter are 'serious.'" Opp'n at 15. This conclusion is not only correct, but inescapable. As the State Defendants previously explained (*see* ECF No. 34 at

---

[2] Plaintiffs claim that the State Defendants' motion raises arguments that could have been previously raised. Opp'n 9–10. But when the State Defendants requested a stay at the hearing, the Court did not ask for further argument or permit briefing on the topic even when Plaintiffs asked for an opportunity to submit briefing. Prelim. Inj. Hr'g Tr., 72–73.

3

1), a Southern District of California court recently rejected similar constitutional claims in a lawsuit challenging a similar prohibition (AB 893) on firearm and ammunition sales at the Del Mar Fairgrounds in San Diego. *B&L Prods., Inc. v. Newsom*, No. 21-CV-01718-AJB-KSC, ECF No. 51 (S.D. Cal. Mar. 14, 2023) (S.D. Cal. *B&L*). Specifically, as to the First Amendment claims, the Southern District court held that "AB 893 covers no more than the simple exchange of money for a gun or ammunition," and as "held by the Ninth Circuit, '"the act of exchanging money for a gun is not "speech" within the meaning of the First Amendment."'" S.D. Cal. *B&L*, ECF No. 51 at 6. Moreover, the court concluded that there were no facts demonstrating how AB 893 "'intentionally and effectively' leads to the banning of gun shows altogether," and that AB 893 did not restrict commercial speech because "AB 893 does not prohibit offers for sale." *Id.* As to the Second Amendment claim, the Southern District court applied the framework outlined in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and concluded that the Second Amendment's plain text did not cover the "sale of firearms and ammunition at a gun show" on state property. S.D. Cal. *B&L*, ECF No. 51 at 8–9. The Southern District court also held that AB 893 falls within the presumptively lawful category of "laws imposing conditions and qualifications on the commercial sale of arms." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). While this Court reached different conclusions (*see* Order at 9–28), this divergence on weighty constitutional issues underscores that this case presents "serious legal questions."

### B. The Balance of Equities Favor a Stay

As explained in the Motion (ECF No. 45 at 8–9), the balance of equities additionally favors granting a stay of the injunction pending appeal. First, "there is [at least] a *probability* of irreparable injury if the stay is not granted." *Lair*, 697 F.3d at 1214 (emphasis in original). Two California Department of Justice reports

concerning the Armed and Prohibited Persons System (APPS), as well as AB 893's legislative findings, demonstrate that illegal commerce occurs at gun shows in California. *See* Req. for Judicial Notice, ECF No. 45-1, Exs. A–C. This Court already acknowledged that "crimes committed with illegal firearms are unquestionably a serious concern." Order at 30. And Plaintiffs acknowledge that there is no waiting period for ammunition purchases (Opp'n at 17), meaning that gun show attendees can walk out of a gun show with ammunition without law enforcement knowing that each purchaser indeed passed a background check before obtaining the ammunition. *See* Cal. Penal Code § 30370 (outlining the three avenues for an ammunition background check); Cal. Code Regs., tit. 11, §§ 4282–4285 (same).

Plaintiffs raise three unpersuasive counterpoints. To begin with, they assert that the two APPS reports and AB 893 constitute evidence that could have been raised earlier by the State Defendants. Opp'n at 12–13, 17. Plaintiffs overlook the fact that the State Defendants previously cited *all three sources* for the Court—and that the 2022 APPS report was released after the parties completed briefing on the preliminary injunction motion. *See* ECF No. 19-6 (operative complaint attaching AB 893 as an exhibit); ECF No. 22 at 3 (describing AB 893); ECF No. 34 at 9 n.7 (describing 2021 APPS Report); Prelim. Inj. Hr'g Tr., 9:2–5, 18:18–21, 24:1-3 (describing 2021 and 2022 APPS reports generally); *California Dep't of Justice Releases 2022 Armed and Prohibited Persons System Program Annual Report*, https://oag.ca.gov/news/press-releases/california-department-justice-releases-2022-armed-and-prohibited-persons-system (Apr. 3, 2023) (press release announcing release of 2022 APPS report).[3]

---

[3] Plaintiffs raise various objections to the 2021 and 2022 APPS Reports in their Opposition brief and in a set of objections to the State Defendants' Request for Judicial Notice of the reports. *See* Opp'n at 13, n.4; ECF No. 50-1. The APPS Reports, and the contents within them, are statutorily mandated and must be provided to the Legislature annually by a certain date. Former Cal. Penal Code § 30012 (in effect until July 9. 2023, requiring submission by April 1 of each year);

Plaintiffs also suggest that the State Defendants must present evidence of illegal firearms-related commerce occurring at B&L gun shows at the Fairgrounds to support its defense on the merits and to show irreparable harm. Opp'n at 13–14, 17. But such evidence is not required. Under intermediate scrutiny in the First Amendment context, "even for an as-applied challenge, the government need not show that the litigant himself actually contributes to the problem that motivated the law he challenges." *Nordyke v. King*, 644 F.3d 776, 792 (9th Cir. 2011).[4] Nor is such evidence necessary to show that the State Defendants will suffer imminent harm if the injunction is not stayed.

Lastly, Plaintiffs argue that the State Defendants need to demonstrate that illegal firearms-related transactions occur more frequently at gun shows compared to brick-and-mortar stores. Opp'n at 17. But the relevant analysis requires comparing the Legislature's goal for the *challenged statutes* (preventing illegal firearm purchases and trafficking at gun shows) against the means implemented by the *challenged statutes* (prohibiting firearm and ammunition sales on state property). Eliminating some portion of illegal sales is an important goal—and undermining that goal causes irreparable harm—even if unlawful conduct cannot be completely eliminated. In any event, it is readily apparent that, as compared to the structure provided within a brick-and-mortar store, a gun show hosting a large gathering of people with vendors scattered throughout a vast property is the sort of environment that is more likely to facilitate illegal transactions.

---

Cal. Penal Code § 30012 (requiring submission by March 15 of each year). Accordingly, the APPS Reports clearly fall within the scope of judicially noticeable material. *See Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 968 n.4 (9th Cir. 2008) (taking judicial notice of amended tribal-state gaming compacts because Federal Rule of Evidence 201 permits judicial notice of state entity records). And while Plaintiffs assert that the reports contain disputed facts, they do not identify which facts within the reports they dispute.

[4] Although the Ninth Circuit granted rehearing en banc of this panel decision, the en banc court "affirm[ed] the district court's ruling on the First Amendment for the reasons given by the three-judge panel." *Nordyke v. King*, 681 F.3d 1041, 1043 n.2 (9th Cir. 2012).

In short, Plaintiffs fail to undercut the significance of the irreparable injury that would result absent a stay. Nor would Plaintiffs be harmed by a stay because they can continue to engage in firearms-related speech at gun shows held on state property without firearm and ammunition sales (*see* J. Olvera Decl., ECF No. 22-1, ¶ 10), they can hold gun shows with such sales on private property, and they can continue to purchase firearms and ammunition at any of the numerous brick-and-mortar stores in Orange County licensed to sell those items.

## CONCLUSION

The Court should reconsider its order denying a stay of the preliminary injunction pending appeal and should grant a stay pending the State Defendants' appeal in this case, or pending resolution of the related appeal in *B&L Productions, Inc., et al. v. Newsom, et al.*, 9th Cir. No. 23-55431, whichever is resolved earlier.

Dated: December 1, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
CHARLES J. SAROSY
Deputy Attorney General

/s/ Nicole J. Kau

NICOLE J. KAU
Deputy Attorney General
*Attorneys for Defendants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary Karen Ross, and 32nd District Agricultural Association*

SA2022303648

7

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary Karen Ross of the California Department of Food and Agriculture, and the 32nd District Agricultural Association (collectively, State Defendants), certifies that this brief contains 2,244 words, which:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated ___.

Dated: December 1, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California

/s/ Nicole J. Kau

NICOLE J. KAU
Deputy Attorney General
*Attorneys for Defendants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary Karen Ross, and 32nd District Agricultural Association*

# CERTIFICATE OF SERVICE

Case Name:   **B&L Productions, Inc., et al. v. Gavin Newsom, et al.**   No.   **8:22-cv-01518 JWH (JDEx)**

I hereby certify that on <u>December 1, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

***STATE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF STAY OF INJUNCTION PENDING APPEAL***

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on December 1, 2023, at Los Angeles, California.

Gail Agcaoili
Declarant

*[signature]*
Signature

SA2022303648