UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01518-JWH-JDE | Date | December 6, 2023 |
| Title | B & L Productions, Inc., et al. v. Gavin Newsom, et al. | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [ECF No. 45]**

Before the Court is the motion of Defendants Gavin Newsom, in his official capacity as Governor of the State of California; Rob Bonta, in his official capacity as Attorney General of the State of California; Karen Ross, in her official capacity as Secretary of California Department of Food & Agriculture and in her personal capacity; Todd Spitzer, in his official capacity as District Attorney of Orange County; and 32nd District Agricultural Association (the "District") (collectively, "Defendants") for reconsideration of the portion of the Court's previous Order[1] denying a stay of the preliminary injunction pending appeal.[2] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[3] the Court orders that the instant Motion is **DENIED**, for the reasons set forth herein.

---

[1]   Order Granting Pls.' Motion for Preliminary Injunction (the "Order") [ECF No. 43].
[2]   Defs.' Mot. for Reconsideration (the "Motion") [ECF No. 45].
[3]   The Court considered the documents of record in this action, including the following papers:  (1) First Am. Compl. (the "Amended Complaint") (including its attachments) [ECF

## I. BACKGROUND

Because the parties are familiar with the facts, the Court does not recite them in detail.

Plaintiffs B&L Productions, Inc., operating as Crossroads of the West ("Crossroads"); Gerald Clark; Eric Johnson; Chad Littrell; Jan Steven Merson; California Rifle & Pistol Association, Incorporated; Asian Pacific American Gun Owners Association; Second Amendment Law Center, Inc.; and Second Amendment Foundation (collectively, "Plaintiffs") moved for a preliminary injunction, seeking to enjoin Defendants from enforcing two statutes—Cal. Penal Code §§ 27573 and 27575—during the pendency of this action.[4] During the April 2023 hearing on Plaintiffs' motion for a preliminary injunction, Defendants made an oral request for a stay in the event that the Court issued the preliminary injunction that Plaintiffs sought.[5] In October 2023, the Court issued an Order granting the preliminary injunction and denying Defendants' oral request for a stay of the preliminary injunction pending appeal.[6]

In November 2023, Defendants filed the instant Motion, asking the Court to reconsider its denial of a stay. The Motion is fully briefed. Defendants also appealed the Order to the United States Court of Appeals for the Ninth Circuit.[7]

## II. LEGAL STANDARD

A district court may reconsider a ruling under either Rule 59(e) of the Federal Rules of Civil Procedure (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *See School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Rule 59(e), reconsideration may be appropriate where the movant demonstrates the existence

---

No. 19]; (2) Motion (including its attachments); (3) Pls.' Opp'n to the Motion (the "Opposition") (including its attachments) [ECF No. 50]; and (4) Defs.' Reply in Supp. to the Motion (the "Reply").

[4]   *See* Pls.' Mot. for Prelim. Inj. [ECF No. 21].

[5]   April 6, 2023, Hr'g Tr. (the "Hearing Transcript") [ECF No. 40] 72:15-16.

[6]   *See* Order.

[7]   *See* Notice of Prelim. Inj. Appeal [ECF No. 51].

of: (1) an intervening change in the controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or to prevent manifest injustice. *See id.* at 1263. Meanwhile, Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) a void judgment; (5) satisfaction of judgment; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. No. 1J*, 5 F.3d at 1263. Rule 60(b)(6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its prior decision are not adequate grounds for relief. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

In addition, this Court's Local Rules define the situations in which a party may seek the reconsideration of an order:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III.  ANALYSIS

Defendants assert that "new material facts" have emerged because Plaintiff Crossroads is coordinating with Defendant District to host three gun shows at the Orange County Fairgrounds in 2024—scheduled for January 20-22, 2024;

March 30-31, 2024; and November 29-December 1, 2024.[8] Defendants aver that the gun shows in January and March are expected to take place before an appeal of the preliminary injunction can be resolved.[9]

In its Order, the Court directed the District to "make available the next available date for a gun show" and to allow Crossroads to reserve dates for gun show events at the Orange County Fairgrounds.[10] As Plaintiffs argue, and the Court agrees, the District's compliance with the Court's Order does not constitute a new material fact that warrants reconsideration.[11]

Defendants argue the challenged statues do not violate the First and Second Amendment.[12] But Defendants already presented those arguments,[13] and the Court already carefully considered them.[14] Defendants request judicial notice of the following materials: (1) the California Department of Justice Armed and Prohibited Persons System ("APPS") Report 2021 (released on March 30, 2022); (2) APPS Report 2022 (released on April 3, 2023); and (3) Assembly Bill 893 (published on October 14, 2019).[15] But Defendants concede that they "previously cited *all three sources* for the Court."[16] "The mere disagreement with the court's prior decision or the mere recapitulation of arguments that were made previously but rejected are not sufficient bases to grant reconsideration." *Deerpoint Grp., Inc. v. Agrigenix, LLC*, 400 F. Supp. 3d 988, 993 (E.D. Cal. 2019); *see also Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1301-02 (S.D. Cal. 2014), *aff'd*, 816 F.3d 1170 (9th Cir. 2016) (citation omitted) ("A motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision"). Accordingly, those

---

[8]  Motion 4:11-14.

[9]  *Id.* at 4:14-16.

[10] Order 31.

[11] Opposition 8:20-22.

[12] Motion 5:25-8:22.

[13] *See* Defs.' Opp'n to Mot. for Preliminary Injunction 10:4-24:12 [ECF No. 22].

[14] *See* Order 9-28.

[15] Defs.' RJN 2:3-9 [ECF No. 45-1].

[16] Reply 5:15 (emphasis in original).

arguments do not present grounds for reconsideration, and the Request for Judicial Notice is **DENIED**.

Defendants further argue that the balance of the equities also favors granting a stay pending appeal.[17]  A stay may be appropriate when "'at a minimum,' a petitioner [shows] that there is a 'substantial case for relief on the merits.'" *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011)).  Defendants have failed to make this showing.  In fact, the Court explicitly noted that "Plaintiffs—not Defendants—have shown a likelihood of success on the merits of Plaintiffs' constitutional claims."[18]

Therefore, the balance of the equities and the public interest do not favor a stay.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Motion is **DENIED**.

2. The hearing set for December 15, 2023, is **VACATED**.

**IT IS SO ORDERED.**

---

[17]    Motion 8:24-9:9.

[18]    Order 30.