C.D. Michel – SBN 144258
Anna M. Barvir – SBN 268728
Tiffany D. Cheuvront – SBN 317144
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs B&L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Asian Pacific American Gun Owner Association, Second Amendment Law Center, Inc.

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff Second Amendment Foundation

# DISTRICT COURT OF THE UNITED STATES

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&L PRODUCTIONS, INC., d/b/a CROSSROADS OF THE WEST; GERALD CLARK; ERIC JOHNSON; CHAD LITTRELL; JAN STEVEN MERSON; CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; ASIAN PACIFIC AMERICAN GUN OWNERS ASSOCIATION; SECOND AMENDMENT LAW CENTER, INC.; and SECOND AMENDMENT FOUNDATION, <br><br>Plaintiffs, <br><br>v. <br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; KAREN ROSS, in her official capacity as Secretary of California Department of Food & Agriculture and in his personal capacity; TODD SPITZER, in his official capacity as District Attorney of Orange County; 32nd DISTRICT AGRICULTURAL ASSOCIATION; DOES 1-10; <br><br>Defendants. | Case No.: 8:22-cv-01518-JWH <br><br>**JOINT STATUS REPORT** <br><br>Conf. Date: October 25, 2024 <br>Conf. Time: 11:00 AM <br>Courtroom: 9D <br>Judge:       Hon. John W. Holcomb <br><br>Action Filed: August 12, 2022 |

On October 3, 2024, Plaintiffs B&L Productions, Inc., d/b/a Crossroads of the West, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, California Rifle & Pistol Association, Incorporated, Second Amendment Law Center, Inc., Asian Pacific American Gun Owners Association, and Second Amendment Foundation, Inc., ("Plaintiffs") and Defendants Gavin Newsom, Rob Bonta, Karen Ross, and the 32nd District Agricultural Association ("State Defendants"), through their counsel of record, held a conference pursuant to this Court's September 26, 2024 Order (ECF No. 65).

The parties hereby submit this Joint Status Report in advance of the Scheduling Conference set for October 25, 2024.

A.  **Posture of the Case**

Procedural History

California Senate Bills 264 and 915, codified in Penal Code sections 27575 and 27573, prohibit the sale of firearms, ammunition, and firearm precursor parts at the Orange County Fair & Event Center and all state property, respectively. Plaintiffs allege that SB 264 and SB 915 violate the First and Second Amendments and the Equal Protection Clause. The State Defendants deny these claims and filed an Answer to the First Amended Complaint on November 20, 2023.

On October 30, 2023, this Court granted Plaintiffs' Motion for Preliminary Injunction, temporarily enjoining the enforcement of Penal Code sections 27573 and 27575. The State Defendants moved for reconsideration, but this Court denied the motion on December 6, 2023. The State Defendants appealed the preliminary injunction order on November 27, 2023.

On appeal, a three-judge panel of the Ninth Circuit heard this case together with a similar case from the Southern District of California[1] and consolidated the appeals for

---

[1] As the Court may recall, the Southern District case involved a challenge to Assembly Bill 893 (codified at Food & Agricultural Code section 4158), which prohibits the sale of firearms and ammunition at the state-owned Del Mar Fairgrounds. The Southern District granted the defendants' motion to dismiss, and the plaintiffs in that case appealed.

decision. The panel affirmed the Southern District's dismissal and reversed this Court's order granting preliminary injunction. The plaintiffs in both cases timely petitioned for rehearing en banc, and the Ninth Circuit denied the petition on August 30, 2024.

The plaintiffs then filed a motion to stay the mandate pending the filing and disposition of their anticipated petition for certiorari or, alternatively, for an administrative stay. The State Defendants informed the Ninth Circuit that they would not file an opposition to the motion. The Ninth Circuit panel denied the motion on September 17, 2024, and the mandate issued on September 25, 2024.

Pursuant to the mandate, this Court lifted the preliminary injunction previously issued in this case on September 26, 2024. (ECF No. 64.) On September 30, 2024, the plaintiffs in both appeals filed an emergency application to the Supreme Court, asking Justice Elena Kagan, the circuit justice for the Ninth Circuit, to recall and stay the Ninth Circuit's mandate. Justice Kagan denied the application in chambers on October 4, 2024.

Plaintiffs will file a Petition for Writ of Certiorari in the Supreme Court. The deadline is currently November 27, 2024.

<u>Plaintiffs' Statement Re: Posture of the Case</u>

Plaintiffs' position is that this case cannot be resolved on the pleadings because the Ninth Circuit's opinion (in addition to its other defects that will be highlighted in Plaintiffs' forthcoming petition for certiorari) fails to resolve the legal controversy between the parties. On the contrary, it merely adds layers of complexity—particularly with respect to Plaintiffs' commercial speech claims. The panel decision acknowledges that the challenged statutes do not *technically* ban "gun shows" on state-owned property. And it holds (as it must under existing circuit precedent) that "offers for sale" are still protected speech while finding, contrary to the State Defendants' admissions before this Court, that the law bans only "acceptances" and the exchange of "consideration," which are not protected. In so doing, the decision injects even more ambiguity into the challenged statutes and invites further litigation by way of declaratory relief to determine the full meaning and impact of the law and the Ninth Circuit's decision interpreting it.

For example, if an "offer for sale" of a firearm on state-owned property is still lawful and protected, but "acceptance" is now a violation of public policy, does that mean only a "full acceptance" is outlawed? This, of course, invites another series of questions about what constitutes an "acceptance" and is unlawful and unprotected. For instance:

- Can sellers take deposits at gun shows for the future sale/transfer of a firearm at the physical gun store where the firearm must be picked up 10 days later, as is already the law?
- Can sellers implement layaway plans, again with the actual sale/transfer to take place later at the brick-and-mortar store?
- Can a buyer begin the background check process at the gun show with the later sale/transfer contingent upon passing the background check?
- Can sellers charge a handling fee for reserving a gun that can be "offered for sale" at the gun show, but which cannot be sold because this buyer cannot pass the background check or changes their mind after leaving the gun store?
- Can the "offer for sale" of ammunition proceed in a similar fashion? For example, since ammunition can be displayed at gun shows along with an "offer for sale" (i.e., price, quantity, availability), can a buyer place the order at the gun show, obtain a purchase order, and then travel to a physical location away from the fairgrounds to make payment and take possession of the order, also conducting the background check for the ammunition purchase away from the fairgrounds?

Along with these and other questions about what constitutes an unlawful acceptance under the challenged statutes, the consequences of the Ninth Circuit's decision for centuries of Anglo-American contract law are also yet to be fully understood. Indeed, the decision raises all sorts of questions of contract law. For instance, can an offer for the sale of a particular gun for which a "future" buyer has made a deposit be unilaterally revoked by the seller if, for example, a subsequent "future" buyer agrees to a higher price? Without a binding acceptance to form a contract, does the first "future" buyer who paid earnest

money have a problem proving an enforceable agreement? Are their damages limited only to the refund of the deposit? And how will fraudulent "offers for sale" be resolved? Suppose an unscrupulous dealer presents "offers for sale" that are too good to be true. Normally presentment of "offers for sale" with fixed prices that merely require "acceptance" can work to lock in a price guarantee. How does this consumer protection work if an "acceptance" at a gun show is not valid but "offers for sale" are? *See generally* Cal. U. Com. Code § 2721.

These questions are all the more acute because the challenged laws impose criminal liability, not just on the gun show promoters and vendors but also on the government employees and government contractors who manage the properties in question. The latter group will no doubt interpret the Ninth Circuit's opinion narrowly to avoid even the possibility of being charged with a crime, e.g., no layaway plans or deposits for later sales allowed, as they are too much like a dreaded "acceptance." On the other hand, gun show vendors and promoters might argue that the decision still allows some form of Second Amendment commerce since "offers for sale" are still protected conduct. Or, under the threat of criminal liability, they too might interpret the decision very narrowly, censoring even more of their own speech than even the statute was meant to curb. These are issues that must be resolved in the courts.

Finally, the Ninth Circuit's opinion fails to address the 14th Amendment Equal Protection claims borne of alleged animus, including a class-of-one claim. Even if the Supreme Court denies certiorari in this case, Plaintiffs intend to amend their complaint to address this issue, especially in light of public statements made by state actors both before and after the Ninth Circuit issued its mandate.

Defendants' Proposed Case Schedule

The State Defendants do not oppose Plaintiffs' request to stay this case as stated below. However, if the stay is not granted, the State Defendants intend to file a brief motion for judgment on the pleadings. Defendants request the following briefing and hearing schedule:

- Motion due on December 6, 2024
- Opposition brief due on December 13, 2024
- Reply brief due on December 20, 2024
- Hearing on January 10, 2025

Plaintiffs do not object to the State Defendants' proposed briefing and hearing schedule.

Defendants do not address the argument included in Plaintiffs' statement because the Court's order called only for the parties' positions "regarding the posture of the case and a proposed case schedule." (ECF No. 65.) Defendants reserve the right to oppose those arguments at the appropriate time.

**B.    Request for Stay**

Plaintiffs request to stay the proceedings before this Court pending the filing and disposition of the Plaintiffs' Petition for a Writ of Certiorari and to remove the scheduling conference set for October 25, 2024, from the calendar.

The State Defendants do not oppose this request.

Dated:  October 10, 2024

**MICHEL & ASSOCIATES, P.C.**

 *s/ Anna M. Barvir*
Anna M. Barvir
Counsel for Plaintiffs B&L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Asian Pacific American Gun Owner Association, Second Amendment Law Center, Inc.

Dated:  October 10, 2024

**LAW OFFICES OF DONALD KILMER, APC**

 *s/ Donald Kilmer*
Donald Kilmer
Counsel for Plaintiff Second Amendment Foundation

Dated: October 10, 2024

**ROB BONTA**
**Attorney General of California**

*s/ Nicole J. Kau*
NICOLE J. KAU
Deputy Attorney General
Attorneys for Defendants Gavin Newsom, Rob Bonta, Karen Ross, and the 32nd District Agricultural Association

## ATTESTATION OF E-FILED SIGNATURES

I, Anna M. Barvir, am the ECF User whose ID and password are being used to file this JOINT STATUS REPORT. In compliance with Central District of California L.R. 5-4.3.4, I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

Dated: October 10, 2024

*s/ Anna M. Barvir*
Anna M. Barvir

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *B&L Productions, et al. v. Gavin Newsom, et al.*
Case No.:     8:22-cv-01518-JWH

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**JOINT STATUS REPORT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Nicole J. Kau, Deputy Attorney General
nicole.kau@doj.ca.gov
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
    *Attorney for Defendants*

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 10, 2024.

*/s/ Laura Palmerin*
Laura Palmerin