C.D. Michel – SBN 144258
Anna M. Barvir – SBN 268728
Tiffany D. Cheuvront – SBN 317144
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs B&L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Asian Pacific American Gun Owner Association, Second Amendment Law Center, Inc.

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff Second Amendment Foundation

**DISTRICT COURT OF THE UNITED STATES**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| B&L PRODUCTIONS, INC., d/b/a CROSSROADS OF THE WEST; GERALD CLARK; ERIC JOHNSON; CHAD LITTRELL; JAN STEVEN MERSON; CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; ASIAN PACIFIC AMERICAN GUN OWNERS ASSOCIATION; SECOND AMENDMENT LAW CENTER, INC.; and SECOND AMENDMENT FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; KAREN ROSS, in her official capacity as Secretary of California Department of Food & Agriculture and in his personal capacity; TODD SPITZER, in his official capacity as District Attorney of Orange County; 32nd DISTRICT AGRICULTURAL ASSOCIATION; DOES 1-10, <br><br> Defendants. | Case No.: 8:22-cv-01518-JWH <br><br> **JOINT STATUS REPORT** <br><br> Conf. Date: January 9, 2026 <br> Conf. Time: 11:00 AM <br> Courtroom: 9D <br> Judge:         Hon. John W. Holcomb <br><br> Action Filed: August 12, 2022 |

Plaintiffs B&L Productions, Inc., d/b/a Crossroads of the West, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, California Rifle & Pistol Association, Incorporated, Second Amendment Law Center, Inc., Asian Pacific American Gun Owners Association, and Second Amendment Foundation, Inc., ("Plaintiffs") and Defendants Gavin Newsom, Rob Bonta, Karen Ross, and the 32nd District Agricultural Association ("State Defendants"), through their counsel of record, hereby submit this Joint Status Report before the Scheduling Conference set for January 9, 2026.

As explained in the status report filed on November 21, 2025 (ECF No. 75), the Parties have continued to meet and confer in good faith regarding (1) the Plaintiffs' proposal to resolve this matter without the need for further litigation; and, in the alternative, (2) a possible stipulation for Plaintiffs to file a Second Amended Complaint.

**State Defendants' Position**

The State Defendants have reviewed Plaintiffs' proposal and draft Second Amended Complaint. After carefully considering both documents, the State Defendants have concluded that they cannot agree to the proposal nor stipulate to the filing of the draft Second Amended Complaint. As was explained to the Plaintiffs, it is the State Defendants' position that both documents are inconsistent with the Ninth Circuit Court of Appeal's decision in this case, *B&L Productions, Inc. v. Newsom*, 104 F.4th 108 (9th Cir. 2024), review of which was denied by the en banc Ninth Circuit Court of Appeals and by the U.S. Supreme Court, 145 S. Ct. 1958 (2025). The State Defendants understand that Plaintiffs will in turn likely file a motion for leave to file their draft Second Amended Complaint. If Plaintiffs were to do so, then the State Defendants currently intend to oppose such a motion. If the Court were to deny Plaintiffs' anticipated motion for leave to amend, then the State Defendants currently intend to file a brief motion for judgment on the pleadings regarding the currently operative First Amended Complaint (ECF No. 19).

The State Defendants do not address the arguments included in Plaintiffs' statement and reserve the right to oppose those arguments at the appropriate time.

However, it is worth noting that the California Department of Justice (Department) has made clear that gun shows may occur on state property. An October 31, 2024 information bulletin that was distributed to all California law enforcement agencies and made publicly available on the Department's website stated that California Penal Code section 27573(a) (italics added):

> [P]rohibit[s] the sale of firearms, firearm precursor parts, [and] ammunition on state property, [as well as] the contracting of sales or authorization of sales. The law does not, however, prohibit offers for sale or advertising. *Gun shows may lawfully occur on state property, as long as no firearms, firearm precursor parts, or ammunition are sold.*

A full copy of this information bulletin is available at this hyperlink: https://oag.ca.gov/system/files/media/2024-dle-16.pdf.

**Plaintiffs' Position**

The State Defendants correctly note that, in mid-November, Plaintiffs presented (1) a memorandum outlining a proposed business plan for conducting gun shows on state-owned properties, including the Orange County Fair & Event Center, and (2) a draft Second Amended Complaint. Plaintiffs' proposal was a good-faith effort to give practical effect to the State Defendants' repeated representations, accepted by the Ninth Circuit panel, that the Challenged Laws do not prohibit gun shows on state property, but restrict only the "sales" of firearms, ammunition, and firearm parts. Consistent with those representations, Plaintiffs' proposal was narrowly tailored to allow gun shows to be held on state-owned property without consummating sales in compliance with the Challenged Laws as construed by the State Defendants and the Ninth Circuit. The plan was intended to determine whether, as the State Defendants have insisted throughout this litigation, lawful gun shows could in fact continue on state property in any meaningful form.

On December 23, 2025, the State Defendants rejected Plaintiffs' proposal. They did so without requesting clarification from Plaintiffs about the proposed terms and without proposing any alternative terms under which Plaintiffs could continue conducting

business at gun shows on state-owned properties. In effect, the State Defendants' response foreclosed the very possibility they have repeatedly claimed exists—that gun shows may lawfully operate on state property notwithstanding the Challenged Laws.

At the same time, the State Defendants declined to stipulate to Plaintiffs' filing of a Second Amended Complaint that would address, among other things, (1) the changed circumstances stemming from the State Defendants' rejection of Plaintiffs' proposed business plan, and (2) newly discovered facts concerning the prohibition of raffles and auctions involving firearms, ammunition, and firearm parts on state property under the Challenged Laws. Instead, the State Defendants contended that the amendment would be improper because, in their view, the proposed pleading is inconsistent with the Ninth Circuit's decision in the preliminary-injunction appeal—even though the State Defendants would retain all Rule 12 defenses in response to any amended complaint.

Plaintiffs note that a decision addressing a preliminary injunction does not resolve the ultimate questions presented by the case. A preliminary injunction ruling, by definition, is preliminary; it does not constitute a final adjudication on the merits. *See generally Lackey v. Stinnie*, __ U.S. __, 145 S.Ct. 659 (2025). Plaintiffs likewise note that the denial of en banc review merely leaves the panel decision in place and closes the door to further appellate review at the circuit court, but otherwise has no precedential value. Nor is a denial of certiorari by the Supreme Court a "review" on the merits. *Missouri v. Jenkins*, 515 U.S. 70, 85 (1995) (quoting *United States v. Carber*, 260 U.S. 482, 490 (1923)) ("'The denial of a writ of certiorari imports no expression of opinion upon the merits of the case, as the bar has been told many times.'").

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

As such, Plaintiffs intend to file a motion for leave to amend under Rule 15.

Dated: December 29, 2025

**MICHEL & ASSOCIATES, P.C.**

*s/ Anna M. Barvir*
Anna M. Barvir
Counsel for Plaintiffs B&L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Asian Pacific American Gun Owner Association, Second Amendment Law Center, Inc.

Dated: December 29, 2025

**LAW OFFICES OF DONALD KILMER, APC**

*s/ Donald Kilmer*
Donald Kilmer
Counsel for Plaintiff Second Amendment Foundation

Dated: December 29, 2025

**ROB BONTA**
**Attorney General of California**

*s/ Charles J. Sarosy*
CHARLES J. SAROSY
Deputy Attorney General
Attorneys for Defendants Gavin Newsom, Rob Bonta, Karen Ross, and the 32nd District Agricultural Association

## ATTESTATION OF E-FILED SIGNATURES

I, Anna M. Barvir, am the ECF User whose ID and password are being used to file this JOINT STATUS REPORT. In compliance with Central District of California L.R. 5-4.3.4, I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

Dated: December 29, 2025

*s/ Anna M. Barvir*
Anna M. Barvir

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *B&L Productions, et al. v. Gavin Newsom, et al.*
Case No.:   8:22-cv-01518-JWH

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

    I am not a party to the above-entitled action. I have caused service of:

## JOINT STATUS REPORT

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Nicole J. Kau, Deputy Attorney General
nicole.kau@doj.ca.gov
Charles J. Sarosy, Deputy Attorney General
charles.sarosy@doj.ca.gov
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
    *Attorneys for State Defendants*

    I declare under penalty of perjury that the foregoing is true and correct.

Executed December 29, 2025.

                                                             Laura Fera